## ELSTERMEYER v. CITY OF CHEYENNE ET AL.

(No. 2198; January 5, 1942; 120 Pac. (2d) 599)

*Edwin W. Baron* of Cheyenne for respondent.

RINER, Chief Justice.

One of the appellants, Edwin W. Baron, has filed a petition for a rehearing in this cause. It is again urged that no facts were disclosed in plaintiff's amended petition setting out a meritorious defense to the City's attempted foreclosure of its alleged lien for the improvement assessment. The question at once arises what should be regarded as a meritorious defense. I Black on Judgments (2d Ed.) 540, Sec. 348, says that:

"The defense, it is said, must be meritorious. By this we mean that it must be substantial and not merely technical, fair and honest and not unconscionable."

In Russell v. Foley, 278 Mass. 145, 179 N. E. 619, the court, discussing this question, remarked:

"The petitioner in such a proceeding must show that he has a substantial and meritorious cause which requires further inquiry or trial in the courts. Such a cause means one worthy of judicial investigation because raising a material question of law meriting discussion and decision, or a real controversy as to essential facts arising from conflicting or doubtful evidence."

The view expressed in 1 Freeman on Judgments (5th Ed.) 567, Sec. 287, is that:

"By a defense on the merits is meant one which has merits that the law recognizes and to which it will give effect, and which if established would produce a materially different result."

The Supreme Court of Colorado in Gumaer v. Bell, 51 Colo. 473, 119 P. 681, discusses this subject in this language:

"The defendant must also show a meritorious defense to the action. It is sufficient to show that the defense is prima facie meritorious, and must be stated so that the court will be enabled to see that it is not frivolous. Where a meritorious defense is shown to part of plaintiff's cause of action, it is sufficient. 6 Ency. Pl. & Pr. 185-188. It is said that, when a sworn answer is filed, it will be accepted as a sufficient affidavit of merits, and it will be examined by the court only to determine whether it is frivolous and not to ascertain whether it will prevail if established on a new trial, unless it is apparent that it cannot possibly prevail. Id. 188. In line with these expressions, our Court of Appeals, on the question of showing merits said: 'There must be sufficient showing to the court to demonstrate the possibility, at least, that, if the judgment was vacated and a new trial had, the result would be different.' Donald v. Bradt, 15 Colo. App. 414, 416, 62 Pac. 580, 581. From this it is seen that if the showing is of a defense that is substantial, not technical, meritorious, not frivolous, and that may change the result upon trial, it is sufficient."

Citing many authorities the Supreme Court of Nebraska in Hartford Fire Insurance Co. v. Meyer, 30 Neb. 135, 46 N. W. 292, in similar vein declares that:

"It must appear that, on a re-examination and retrial of the cause, the result would probably be different."

Tested by these rules did the plaintiff's amended petition herein set forth facts which would have produced a materially different result in the City's attempted lien foreclosure action against Mrs. Elstermeyer? We certainly think so. If the pleaded facts had been proven in that action, as they were in the cause

before us, no judgment of foreclosure against Mrs. Elstermeyer could have been properly entered and she would have had the right to redeem the property involved from any such foreclosure proceeding. She was entitled to be properly and legally notified of the City's attempt to take her property from her in any foreclosure of its asserted lien. This, as indicated in the original opinion heretofore filed, was not done.

Additionally, it may be pointed out that notwithstanding the case of Citizens National Bank v. Union Central Life Insurance Co., 12 Ohio Cir. Ct. R. (N. S.) 401, from which quotation was made in the original opinion heretofore filed in the case at bar, there would appear to be substantial authority contrary to the view expressed in that decision, concerning the necessity of alleging a meritorious defense under circumstances such as appear herein.

1 Freeman on Judgments (5th Ed.) 559, Section 283, citing many cases, says:

"A judgment which is wholly void is in legal effect a nullity. Consequently no showing of merits is necessary in support of an application to have it vacated."

To the same effect is I Black on Judgments (2d Ed.) 551, Section 348, and cases cited.

Under the circumstances presented it is not necessary that we now determine which rule should prevail on the point and we do not undertake to do so.

It appears that both of our cases Huber v. State Bank, 32 Wyo. 357, 231 P. 63, 234 P. 31, and Huber v. DeLong, 54 Wyo. 240, 91 P. 2d 53, were cited in appellant's main brief in the case at bar. In our former opinion we stated that the State Bank case was not in point because "that case presented an entirely different situation from that under consideration" at this time. The same thing is true of the DeLong case. Additionally, in the decision last mentioned, now urged upon us by the instant petition for rehearing, the

plaintiff declined to pay what was due the defendant. In the present case the judgment below, as we have seen, required the plaintiff to pay Mr. Baron what was deemed legally due him. From that judgment plaintiff took no appeal, thus conceding the propriety of such a requirement.

Finally, it is said that we failed to allow the defendant Baron sufficient interest on the money he paid out, that the interest rate should have been 10 per cent or 12 per cent, as required by either Sections 89-2967 or 22-1539, W. R. S. 1931. No cases are cited upholding this view. Those Sections we apprehend deal with sales which were valid and from which redemption was sought in due course and do not purport to deal with a situation such as we have here, where the sale was under a judgment which was a nullity as to the rights of Mrs. Elstermeyer. We pointed out in the original opinion that interest is given or withheld upon equitable considerations, and that under the peculiar facts of this case we considered that interest at 7 per cent, the legal rate, would be sufficient.

We accordingly must enter an order directing the denial of the petition for a rehearing inasmuch as we are convinced that a just and legal result was reached by the decision set forth in the original opinion heretofore filed.

*Rehearing denied.*

KIMBALL and BLUME, JJ., concur.