SNYDER, APPELLEE, *v.* CLOUGH, APPELLANT, ET AL.

(No. 2068—Decided October 20, 1942.)

*Mr. A. Talmage Snyder,* for appellee.

*Messrs. Amer, Cunningham & Keeney,* for appellant.

SHERICK, J. In April of 1939, plaintiff filed an action in Stark county against Clough and three others, all four of whom resided in Ohio counties other than Stark. The petition prayed for damages to plaintiff's premises in the sum of $750, claimed to have been sustained as a result of the drainage of mine water from strip mining operations conducted on defendant's adjacent farm, which polluted a watercourse. Plaintiff's and defendant's farms are both located within the confines of Stark county. The plaintiff also prayed for a mandatory injunction and asked that defendants be enjoined from further polution of the contaminated stream. A praecipe for summons was filed and summonses were issued out of Stark county directed to the sheriffs of Portage, Summit and Columbiana counties in which the defendants respectively resided. Personal service was therein made against all defendants, and to repeat, none of whom resided in Stark county.

On February 20, 1940, a jury was empaneled which returned a verdict upon default in plaintiff's favor against the four defendants in the sum of $600. Thereafter on March 6, 1940, judgment was entered on the verdict and defendants were enjoined from further defiling the watercourse.

On May 13, 1942, twenty-seven months after the entering of judgment, the defendant Clough, appellant herein, appearing solely for the purpose of objecting to the jurisdiction of the court over his person and that of his codefendants, filed a motion to quash the service of summons as made and to vacate the judgment.

The trial court overruled this motion. It is from this order that Clough appeals to this court on ques-

tions of law, which are two in number. First: Has defendant misconceived his remedy? Or, otherwise stated, should he not have raised the question by petition after term under the vacation of judgment statutes; or by petition in an independent action in equity? Second: Did the trial court erroneously exercise jurisdiction over the person of the defendants? In other words, was the action properly commenced in Stark county, and service of summons rightly made?

Before proceeding thereon, a claim advanced by the plaintiff needs brief comment. It is argued that inasmuch as an attorney, who is not now in the case, caused his name to be entered upon the appearance docket as counsel for defendants, that they, the defendants, thereby voluntarily entered their appearance in the cause and can not now question the court's jurisdiction over their person. The claim is without merit. Counsel's act in so doing is but a routine practice done for the sake of convenience. It is not an affirmative act made by a litigant. It does not invoke a court's jurisdiction. It does not have the dignity of a pleading or a preliminary motion.

It is to be noted that defendant takes the position that the judgment is void and not merely voidable. Hence a new trial is not asked for. Neither does he tender an answer which advances a valid defense to the action. We particularly note the last omission in view of the proviso found in Section 11637, General Code, that "A judgment shall not be vacated on motion or petition until it is adjudged that there is a valid defense to the action in which the judgment was rendered" for the reason asserted by plaintiff that judgments can only be vacated in the manner provided in Sections 11631 to 11643, inclusive, General Code.

In view of what will be hereinafter said it seems necessary but hardly material that we should comment upon three more of these Sections.

Section 11631, General Code, states that:

"The Common Pleas Court * * * may vacate or modify its own judgment or order, after the term at which it was made; * * * for * * * irregularity in obtaining a judgment or order."

Section 11634, General Code, provides in part:

"The proceedings to correct * * * irregularity in obtaining a judgment or order, shall be by motion."

Section 11640, General Code, prescribes 'in part, that:

"Proceedings to vacate or modify a judgment or order for the causes mentioned in divisions * * * three * * * of such section, [latter part of Section 11631 previously quoted] must be commenced within three years * * * after the defendant has notice of the judgment."

When these provisions, with all other sections of this chapter concerning "other relief after judgment" are analyzed, with special consideration given to Sections 11637, and 11636, General Code, which require that grounds for vacation shall first be tried before consideration of the question of the validity of the defense offered; it should and does become apparent that the Legislature was concerned with affording a remedy against unconscionable judgments which were faulty for one reason or another. It was providing a remedy against that which might be cured by correction. It was not concerned with that which was void and could not be corrected. The undoubtable fact is that the General Assembly never entertained the thought that any court would ever enter a judgment against one unless it had first acquired jurisdiction over him.

Reasoning from this premise, it is our judgment that this chapter of the Code was only intended to embrace a complete remedy for relief against voidable judgments and orders; that is such as can be corrected by further proceedings, and afford one his day in court

and due process of law. It was never intended thereby to vitalize something which never existed, and which was void *ab initio*.

The court in *Bennett* v. *Fleming,* 105 Ohio St., 352, 137 N. E., 900, holds that the remedies provided in Section 11631, General Code, are cumulative and not exclusive. In *Hayes* v. *Kentucky Joint Stock Land Bank of Lexington,* 125 Ohio St., 359, 181 N. E., 542, an action by petition after term to vacate a default judgment is approved of, because there had been no service of summons and hence no jurisdiction. It held the judgment to be a nullity and void, and it went on to observe that in such a case the judgment should be vacated without a showing of a valid defense. In other words Section 11637, General Code, did not apply. If it did not, surely its related sections, with which it stood *in pari materia,* likewise could not apply. The court approved of and followed its earlier pronouncements in *Kingsborough* v. *Tousley,* 56 Ohio St., 450, 47 N. E.; 541. See, also, *Greene* v. *Woodland Ave. and West Side Street Rd. Co.,* 62 Ohio St., 67, 56 N. E., 642.

It has long been the rule that void judgments may be successfully attacked by petition in an independent suit in equity. And it would therefore seem utter folly to say that only a chancellor might undo that which a law court might do but could not correct, because the law term had expired. Fortunately this is not the law.

In 1828, the court in *Critchfield* v. *Porter,* 3 Ohio, 518, held that a motion to vacate a judgment, obtained without proper service, was properly filed in the court of origin at a subsequent term. It is said that the practice had been long exercised. In *Kinsman Natl. Bank* v. *Jerko,* 25 N. P. (N. S.), 445, affirmed by the Seventh District Court of Appeals, and motion to certify overruled, it is held, that:

"A court has the inherent power to vacate or modify its judgments after term for good and sufficient

causes other than those specified in Section 11631 of the General Code, the remedies provided in said section being cumulative and not exclusive.''

*Haley* v. *Hanna*, 93 Ohio St., 49, 112 N. E., 149, ought to settle the question. Therein the Court of Appeals entertained a motion after term to vacate its judgment of a prior term. Its judgment overruling the motion was reversed by the Supreme Court because there had been no service of summons and the trial court therefore was without jurisdiction.

We hold that defendant has made proper choice of remedy.

We now turn to what are known as the venue statutes, Sections 11268 to 11278 inclusive, General Code, for answer to our second query. They must be considered in conjunction with Section 11282, General Code, which provides:.

''When the action is rightly brought in any county, according to the provisions of the next preceding chapter, [the venue sections] a summons may be issued to any other county, against one or more of the defendants, at the plaintiff's request.''

The venue statutes proceed to enumerate where various actions may or must be brought. The subject, for our immediate purpose, is concluded in Section 11277, General Code, which states, that:

''Every other action must be brought in the county in which a defendant resides or may be summoned * * * .''

Defendant maintains that this section is the pertinent one in this case. Plaintiff asserts the contrary and urges that his action was properly brought in Stark county for the reason that its subject matter falls within the provisions of Section 11268, General Code. If plaintiff is right the trial court's order maintaining the judgment must be affirmed. If wrong, the judgment should have been and must now be vacated.

Section 11268, General Code, has to do with three kinds of actions which pertain to real estate. (1) For the recovery of real property or an estate or interest therein. (2) For partition of real property. (3) For foreclosure of a mortgage, enforcement of a lien or other incumbrance or charge on real property. All of them are local and real as opposed to personal and transitory actions.

True the section's first portion recites that an action "must be brought in the county in which the subject of the action is situated" when it is for the "recovery" of real property or an estate or interest therein, but it does not cover an "injury" done to real property. At the very most the injury of which plaintiff complains is simply the defilement by mine water of the stream which flows to him from defendant's lands. Even if it might through lapse of time ripen into an easement, it is not now an interest in real property that could be recovered. The wrong done him is no more than damage done to his real property, which by the law branch of his action he seeks to recover.

It is equally certain that the second and third portions of Section 11268, General Code, are not applicable. Partition is not sought. Neither is foreclosure, nor enforcement of a lien, incumbrance or charge on real property desired.

It was early held in *Genin* v. *Grier*, 10 Ohio, 209, that the division of personal actions into local and transitory under the common law does not exist in this state. Under our theory all personal actions are to be prosecuted in any county where service of process may be had on the person sued; and only those actions are local as are made so by statute. Hence it follows, in the absence of statute, that the defendants could only be sued and the action properly commenced in a

county in which one of the defendants resided or service could be had upon him.

The case of *City of Fostoria* v. *Fox,* 60 Ohio St., 340, 54 N. E., 370, is on its facts and law directly at odds with plaintiff's theory. For the sake of brevity we quote only the first paragraph of its syllabus:

"An action for consequential injuries to land, or, a suit for a mandatory injunction requiring the defendant to abate a nuisance on his own land, causing injury to the land of the plaintiff, is, under our code, not local, but transitory in character; and, under Section 5031, Revised Statutes [improperly numbered, it should be R. S. 5028, now Section 11277, General Code], must be brought in the county where the defendant resides, or may be summoned."

The order of the trial court refusing to vacate its judgment must be reversed, and the judgment is by this court ordered vacated.

*Judgment reversed.*

LEMERT, P. J., and MONTGOMERY, J., concur.