The NATIONAL SUPPLY COMPANY, a corporation, Appellant (Plaintiff below),

v.

Charles B. CHITTIM, Appellee (Defendant below),

and

Texas Pacific Coal and Oil Company, a corporation, and Addie O. Rich, (Defendants below).

No. 3175.

Supreme Court of Wyoming.

Jan. 7, 1964.

Halsey, Whitley, Hollaway & Liamos, Edward S. Halsey, Newcastle, for appellant.

Reynolds & Hughes, Sundance, for appellee.

Before PARKER, C. J., and HARNSBERGER, GRAY, and McINTYRE, JJ.

Mr. Chief Justice PARKER delivered the opinion of the court.

The trial court because of purported defects in service upon defendant Chittim vacated its previous default judgment foreclosing a lien, and plaintiff has appealed.

The events germane to the problem raised by the appeal began on November 5, 1960, when The National Supply Company, pursuant to earlier notice of lien, filed an action against Charles B. Chittim to foreclose on certain oil field equipment, lease, and lands in Crook County,[1] and undertook to accomplish service under Rule 4, W.R.C.P. The affidavit of plaintiff's attorney for service by publication upon Chittim recited that service of summons could not be made within the State of Wyoming, that the cause was one of those mentioned in Rule 4(e), W.R.C.P., and stated, "the last known address of defendant Charles B. Chittim was 300 North Center, Casper, Wyoming and General Delivery, Denver, Colorado." The notice was dated January 3, 1961, and was published on January 5, 12, 19, and 26. It stated that default would be entered unless defendant answered before the 24th day of February 1961. On January 13 the clerk of court mailed copies of the publication to Chittim by registered mail and on January 26 received a return receipt signed, "Chas. B. Chittim by Thos. Bruckner." On February 27 there was an application for an entry of default and on June 27 the court entered judgment. On July 5 there were proceedings for a special execution, and the property was sold at sheriff's sale to the plaintiff.

The court thereafter on Chittim's motion to vacate found that the court had never secured jurisdiction over the subject matter of the suit or the person of Chittim and that the judgment was void as to him, and plaintiff challenges the result.

Three questions have been raised by the appeal: 1. Was the affidavit for service by publication fatally defective? 2. What was the effect of the statement in the notice of publication that the answer day was twenty-nine rather than thirty days after the last publication? 3. Was the mailing of the notice of publication to defendant by the clerk on January 13, 1961, timely within the requirements of Rule 4(f), W.R.C.P.?

 Plaintiff argues that defendant could not be served in the State of Wyoming and accordingly that service by publication was proper. As support for this premise, counsel directs attention to the return of the Sheriff of Natrona County, stating that defendant could not be located there after diligent search, and insists that the affidavit for service by publication therefore meets the requirements of Rule 4(f). Plaintiff recognizes our holding in Elstermeyer v. City of Cheyenne, 57 Wyo. 256, 116 P. 2d 231, 57 Wyo. 421, 120 P.2d 599, that a court may not enter a legal judgment where the requirements for affidavit by publication are not met but attempts to distinguish it because certain aspects were present there which do not obtain in the instant situation. Without delineating all of the circumstances in that case, it suffices to say that we there indicated the indispensability of the affidavit concerning reasonable diligence. The relevant statutes in the Elstermeyer case, §§ 89–818 and 89–819, W.R.S.1931, have now been combined in the provisions of Rule 4(f) so that the statement of "due diligence" formerly required before the hearing is now requisite "[b]efore service by publication can be made," and deficiencies in the affidavit required by Rule 4(f) are not cured by proving another set of circumstances than those alleged by affiant. There was no statement as to Chittim's present address or that his address was unknown and could not with reasonable diligence be ascertained. The requirements of our rule are admittedly minimum, Clarke v. Shoshoni Lumber Co., 31 Wyo. 205, 224 P. 845 (error dismissed 276 U.S. 595, 48 S.Ct. 302, 72 L.Ed. 722); Annotation, 21 A.L.R.2d 929; any omission of statements which are requisite under the rule is fatal; and the one here therefore prevented the trial court from securing jurisdiction of defendant.[2] The sub-

---

1. An oil company leasing the real property where the equipment was located and another lienor were joined as defendants but their rights were not affected by the judgment and were undisturbed by the vacation.

2. For a discussion of due diligence required for service by publication, see 9 Wyo.L.J. 69.

sequent vacation of the original judgment based upon the purported service by publication was correct.

We advert then to the second challenge of the service of process, that plaintiff had stated in its notice of publication a date for answer which was only twenty-nine days after the last publication. Defendant states that this mistake renders the service by publication void under Vanover v. Vanover, 77 Wyo. 55, 307 P.2d 117, 62 A.L.R.2d 931. Plaintiff correctly points out the difference in that case and the one at bar since there the summons specified the return date as the first Monday after its issuance instead of the second, third, or fourth Monday as required by statute, the answer date there being governed by the return date stated in the publication, whereas the answer day in the present case was as provided in Rule 12(a), W.R.C.P. Even though the distinction is valid, there was in the instant situation a failure of compliance with the mandatory provisions of Rule 4(g), requiring that the publication "must * * * notify the person or persons thus to be served when they are required to answer." Although as argued by plaintiff the date allowed for answer under the provisions of Rule 12(a) is thirty days after the last day of publication and such time cannot be altered by a litigant, nevertheless a material violation of a mandatory prerequisite of constructive service is fatal to the jurisdiction of the court. We made this abundantly clear in Markey v. Connelly, Wyo., 367 P.2d 964, 965–966, when we pointed out a number of courts which had held that since service of process by publication is limited to instances where personal service is not reasonable or practical and is permitted only when authorized by statute, the statute must be strictly followed. The authorities there cited will bear out the general rule announced in 72 C.J.S. Process § 55, p. 1069, where it is stated:

" * * * Inasmuch as service of process by publication is in derogation of the common law, the statutes authorizing it are subject to strict construction and must be strictly, literally, and fully complied with in order to render such service valid and give the court jurisdiction of defendant. * * *"

See to a similar effect 42 Am.Jur. Process § 66; 2 Bancroft, Code Practice and Remedies, p. 1264 (1927).

We pass then to the question as to whether or not the mailing of the notice of publication to defendant by the clerk on January 13, 1961, eight days after the first publication on January 5 was a fatal variance from the provisions of Rule 4(f) that "Immediately after the first publication the party making the service shall deliver to the clerk copies of the publication, and the clerk shall mail a copy to each defendant." It appears from the matter submitted to us that the attorneys for plaintiff resided at Newcastle in Weston County, that the newspaper was published in Sundance, in Crook County, and that the arrangements for the transmittal of the copy of the publication had to be conducted by a special trip or by mail, as was actually done. While the attorney for a litigant is responsible for strict compliance with the rules and cannot transfer any blame for noncompliance to either the publisher, who is in his employ, or the clerk, who is under the court's regulation, there is no showing in the matter before us that the delay here was a violation of the mentioned rule.

From what has been said, it is clear that the trial court upon the motion to vacate had before it substantial evidence of a failure by plaintiff to furnish the requisite affidavit prior to the attempted service by publication and improperly stated in such publication the day on which defendant was required to answer so that the trial court properly entered the order vacating the prior judgment.

Affirmed.