Rel: December 13, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2024-2025

_____

### CL-2024-0615

_____

### M.W.

### v.

### Montgomery County Department of Human Resources

### Appeal from Montgomery Juvenile Court
### (JU-21-334.02)

MOORE, Presiding Judge.

M.W. ("the mother") appeals from a judgment entered by the Montgomery Juvenile Court ("the juvenile court") terminating her parental rights to Mi.W. ("the child"). We dismiss the appeal with instructions.

## Background

On July 12, 2023, the Montgomery County Department of Human Resources ("DHR") filed a petition to terminate the parental rights of the mother to the child. After unsuccessfully attempting to serve the mother with the petition, DHR moved the juvenile court to allow service by publication, pursuant to Ala. Code 1975, § 12-15-318. The juvenile court granted the motion on October 17, 2023. DHR subsequently published notice of the termination proceedings in the <u>Montgomery Independent</u>, a newspaper of general circulation in Montgomery County. The notice provided, in pertinent part:

> "TO: [The mother].
>
> "You are hereby given notice that a petition has been filed by the Montgomery County Department of Human Resources requesting that your parental rights be terminated to [the child].
>
> "You are hereby given notice that you are required to file an Answer with the Clerk of the Juvenile Court ... within fourteen (14) days of the date of the last publication of this notice or a default judgment can be entered against you. A final hearing has been set for November 27, 2023, at 9:00 A.M. at the Montgomery Co. Courthouse Annex 1, 100 South Lawrence Street (Third Floor) in Montgomery, Alabama. You may appear and contest the same if you choose."

The notice was published once a week for 4 consecutive weeks, being last published on November 16, 2023, only 11 days before the scheduled trial date of November 27, 2023.  Upon noticing this fact during the trial on November 27, 2023, the juvenile court continued the trial to allow the mother 30 days to respond.  DHR did not republish the notice with the rescheduled trial date, and the mother did not appear or file any response to the petition to terminate her parental rights.

On July 8, 2024, the juvenile court presided over the continued trial of the case.  The mother was not present but was represented by appointed counsel.  DHR called witnesses, whose testimony indicated that the mother had abandoned the child, see Ala. Code 1975, § 12-15-301(1) (defining "abandonment"), and the mother did not produce any evidence to rebut the ensuing presumption that she was unable or unwilling to discharge her parental responsibilities to and for the child.  See Ala. Code 1975, § 12-15-319(d) (describing the rebuttable presumption that arises in cases of abandonment).  On July 17, 2024, finding that it would be in the best interests of the child, the juvenile court entered a judgment terminating the parental rights of the mother.

On July 24, 2024, the mother, still through appointed counsel, filed a postjudgment motion to alter, amend, or vacate the judgment, arguing, as she did at the outset of the July 8, 2024, trial, that the juvenile court lacked personal jurisdiction over her because she had not been properly served. After the postjudgment motion was denied by operation of law, see Rule 1(B), Ala. R. Juv. P., the mother's appointed counsel filed a notice of appeal on August 8, 2024.

## Issue

On appeal, the mother argues that she was deprived of due process because the juvenile court terminated her parental rights without first properly serving her with the summons and the petition to terminate her parental rights and without acquiring personal jurisdiction over her.

## Standard of Review

The salient facts being undisputed, the question whether the mother was properly served involves only a question of law, which we review de novo. See generally Allsopp v. Bolding, 86 So. 3d 952, 958 (Ala. 2011) (holding that legal questions regarding propriety of service of process are to be reviewed de novo).

4

Analysis

Section 12-15-318, Ala. Code 1975, governs the service of a petition

to terminate parental rights.  That statute provides:

"(a) Except as otherwise provided by the Alabama Rules
of Juvenile Procedure and this section, service of process of
termination of parental rights actions shall be made in
accordance with the Alabama Rules of Civil Procedure.

"(b) If service of process has not been completed within
45 days of the filing of the termination of parental rights
petition, the petitioner shall request service by publication.

"(c) Service of process by publication may not be ordered
by the juvenile court unless at least one of the following
conditions is met:

"(1) The child who is the subject of the
proceedings was abandoned in the state, or

"(2) The state or private department or
agency having custody of the child has established,
by evidence presented to the juvenile court, that
the absent parent or parents are avoiding service
of process or their whereabouts are unknown and
cannot be ascertained with reasonable diligence.

"(d) Service shall be made by publication in a newspaper
of general circulation in the county of the juvenile court
having jurisdiction and in the county of the last known
address of the parent or parents of the abandoned child, at
least once a week for four consecutive weeks."

5

The mother does not assert that DHR failed to meet all of the requirements of § 12-15-318.

The mother correctly points out, however, that § 12-15-318 does not address the contents of the notice to be published, which is governed by Rule 4.3(d)(3), Ala. R. Civ. P. See Rule 1(A), Ala. R. Juv. P. ("If no procedure is specifically provided by [the Alabama Rules of Juvenile Procedure] or by statute, the Alabama Rules of Civil Procedure shall be applicable to those matters that are considered civil in nature ...."). Rule 4.3(d)(3) provides, in pertinent part:

> "The publication shall (A) contain a summary statement of the object of the complaint and demand for relief; (B) notify the person to be served that that person is required to answer within thirty (30) days after the last publication on or before a date certain specified in the notice which said date shall be thirty (30) days after the last publication; and (C) be published at least once a week for four successive weeks."

The mother argues that the publication notice did not satisfy Rule 4.3(d)(3)(B). The plain language of Rule 4.3(d)(3)(B) requires that, on the last date of publication, the notice must inform the person to be served that he or she is required to answer on a specified date within 30 days of the last publication. In this case, the last publication, on November 16,

6

2023, notified the mother that she needed to answer within 14 days to avoid default, while also notifying the mother that she must appear at the trial of the case scheduled for November 27, 2023, 11 days later, if she chose to contest the petition.[1]

Service by publication may be accomplished only by strict adherence to the governing rules and statutes. See Shaddix v. Shaddix, 603 So. 2d 1096, 1097 (Ala. Civ. App. 1992). In this case, the publication notice did not strictly adhere to Rule 4.3(d)(3)(B) because it contained two separate deadlines for the mother to respond, one being 11 days later and the other being after the scheduled trial date, when an answer would have been futile. The juvenile court attempted to cure that error by continuing the trial date so that the mother would have more time to respond, but Rule 4.3(d)(3)(B) unambiguously provides that the last date of publication shall notify the person to be served that any response must

---

[1]The time for filing an answer in civil cases is 30 days from the date of service, see Rule 12(a), Ala. R. Civ. P., but only 14 days for juvenile cases. See Rule 1(B), Ala. R. Juv. P. The mother concedes that this rule modifies the 30-day period in Rule 4.3(d)(3)(B), but we need not decide that point to dispose of this appeal. Even if the last publication requires 14 days' notice or 30 days' notice, it remains that the last publication notice in this case provided only 11 days' notice of the trial.

be filed by a certain date within 30 days of the date of that publication. The failure to strictly comply with that directive rendered the publication fatally defective. <u>See</u>, <u>e.g.</u>, <u>Velasco v. Ruiz</u>, 457 P.3d 1014, 1018 (Okla. 2019); <u>National Supply Co. v. Chittim</u>, 387 P.2d 1010 (Wyo. 1964).

We have not located any caselaw providing that this jurisdictional defect in service can be remedied by simply waiting until the correct period for response has passed. Some courts allow publication of a corrected notice to remedy the imperfect service, <u>see</u>, <u>e.g.</u>, <u>Community Youth Athletic Ctr. v. City of Nat'l City</u>, 170 Cal. App. 4th 416, 430, 87 Cal. Rptr. 3d 903, 914 (2009), but the juvenile court in this case did not follow that procedure. Thus, the mother was not properly served by publication or otherwise before the trial and entry of the judgment terminating her parental rights.

> "Because the record indicates that [DHR] did not properly serve [the mother] with the termination-of-parental-rights petition, the juvenile court lacked jurisdiction over [the mother], rendering the juvenile court's judgment void. <u>See</u> <u>D.M.T.J.W.D. v. Lee Cnty. Dep't of Hum. Res.</u>, 109 So. 3d 1133, 1144 (Ala. Civ. App. 2012) (holding that judgment was void because the department of human resources did not perfect service on the mother) .... A void judgment will not support an appeal. <u>See</u> <u>K.T. v. B.C.</u>, 232 So. 3d 897, 900 (Ala. Civ. App. 2017)."

<u>T.F.H. v. A.L.S.</u>, 383 So. 3d 407, 411-12 (Ala. Civ. App. 2023). Accordingly, the mother's appeal from the judgment terminating her parental rights to the child is dismissed, albeit with instructions to the juvenile court to vacate its judgment.

APPEAL DISMISSED WITH INSTRUCTIONS.

Edwards, Hanson, Fridy, and Lewis, JJ., concur.