**Judy Ann IGO, Appellant (Defendant),**

v.

**Ronald James IGO, Appellee (Plaintiff).**

No. 88–64.

Supreme Court of Wyoming.

Aug. 23, 1988.

Fred R. Dollison, Sheridan, for appellant.

Dwight F. Hurich of Preuit, Sowada & Hurich, Gillette, for appellee.

Before CARDINE, C.J., and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.

GOLDEN, Justice.

Appellant Judy Ann Igo (wife) appeals a divorce decree entered on January 19, 1988. She argues that the district court abused its discretion in the manner in which the court divided the parties' property. In turn, appellee Ronald James Igo (husband) urges this court to certify, under W.R.A.P. 10.05, that no reasonable cause for appeal existed so that attorney fees and damages will be taxed against wife.

We affirm and refuse to certify that wife had no reasonable cause for appeal.

The parties married on January 19, 1980, in Gillette, Wyoming. Husband had three minor children by a previous marriage. The parties had no children by this marriage. Husband brought into the marriage assets, including real property and a house, worth about $41,000. Wife brought into the marriage assets worth about $13,000. Husband operated a well service business and was solely liable for the indebtedness against it. Husband was the primary bread winner and contributed most of the funds used by the parties. Wife worked at different times and helped husband care for his minor children.

During the marriage husband sold his real property and house and used $15,000 from the sale proceeds for a down payment on a contract for deed on two ten-acre plots of land in Campbell County, Wyoming. He fully paid and satisfied this contract for deed during the marriage. The parties built a home on one of the ten-acre plots against which they owed a mortgage of $99,200. At the time of the divorce the market value of this property was $126,-500. The unimproved ten-acre plot was worth $18,300 at the time of the divorce and was unencumbered.

The couple brought automobiles into the marriage and later acquired automobiles. They acquired other personal property, including horses. The parties' eleven horses were worth about $6,175. Two of these horses, "Ten Minus Zero" and "Sugar," together were worth $2,800. The parties owed $5,000 on a horse trailer. At the time of the divorce they had an income tax refund of $14,419.

The parties separated on July 21, 1986. From separation to divorce husband paid about $5,800 to wife for support. Before the divorce the parties substantially divided their personal property and automobiles.

At trial the district court granted husband the divorce decree as the aggrieved party. The district court divided the property and the debts as follows:

*Husband*

1. Ten-acre plot and house worth $126,-500 with $99,200 mortgage.
2. Ten-acre unencumbered plot worth $18,300.
3. Income tax refund worth $4,400.

4. Horses "Ten Minus Zero" and "Sugar," worth about $2,800.
5. Miscellaneous personal property and debts.
6. Debts of his well service.

*Wife*

1. Income tax refund worth $10,000.
2. Nine horses worth about $3,375.
3. Miscellaneous personal property.
4. No debts.

As a result of this property division, husband received property worth $75,000 to $90,000, and wife received property worth $35,000 to $45,000.

On appeal we review the evidence in favor of appellee husband, giving that evidence every reasonable inference that can be drawn and ignoring appellant wife's evidence. We defer to the trial court's exercise of broad discretion in adjusting the parties' rights and obligations upon marriage dissolution. We will not disturb that decision unless we find that the court abused its discretion. These appellate rules are so well-known that we need not cite supporting authority. We have defined "judicial discretion" as "a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously * * *." *Martin v. State,* 720 P.2d 894, 897 (Wyo.1986).

After hearing the evidence at trial, the trial court applied the provisions of W.S. 20–2–114 (June 1987 Repl.) in making the property division. These provisions instruct the court:

> In granting a divorce, the court shall make such disposition of the property of the parties as appears just and equitable, having regard for the respective merits of the parties and the condition in which they will be left by the divorce, the party through whom the property was acquired and the burdens imposed upon the property for the benefit of either party and children. The court may decree to either party reasonable alimony out of the estate of the other having regard for the other's ability and may order so much of the other's real estate or the rents and profits thereof as is necessary be assigned and set out to either party for life, or may decree a specific sum be paid by either party.

The evidence favorable to husband shows, among other facts, that he supported his three minor children from a previous marriage, operated a well service against which indebtedness existed, brought real property with improvements into the marriage from the sale of which he used proceeds to buy other real property, assumed substantial indebtedness on the real property and its improvements so acquired, was the primary bread winner during the marriage, and was the aggrieved party to whom the trial court granted the divorce. We have held that "the court may also consider fault of the respective parties together with all other facts and circumstances surrounding the dissolution of the marriage for purposes of determining division of property, alimony, and award of attorneys fees." *Grosskopf v. Grosskopf,* 677 P.2d 814, 820 (Wyo.1984)

Applying our appellate rules to the district court's exercise of discretion in applying the relevant statutory provision, we hold the trial court did not abuse its discretion in making the challenged property division. We refuse to certify appellant wife had no reasonable cause for appeal.

We affirm the trial court's judgment.