**Lois M. WREN, Appellant (Defendant),**

v.

**Nelson Edward WREN, Jr., Appellee (Plaintiff).**

**No. 89–79.**

Supreme Court of Wyoming.

Jan. 23, 1990.

John B. Scott (argued), of Smith, Stanfield & Scott, Laramie, and A. Joe Hageman (argued), of Skiles, Hageman & Butler, Laramie, for appellant.

Robert L. Nelson of Robert L. Nelson & Associates, Cheyenne, for appellee.

Before CARDINE, C.J., THOMAS and URBIGKIT, JJ., RAPER, J., Retired, and WOLFE, District Judge.

WOLFE, District Judge.

Appellant Lois M. Wren alleges error on the part of the district court in two areas. First, she contends that proceeds from an award for damages for a violation of her civil rights pursuant to a § 1983 action in federal court were wrongfully treated as marital property by the district court. Second, she alleges that the trial court failed to take into consideration certain factors in establishing child support.

■ The relevant facts in the case are quite simple. The appellant had pursued a § 1983 action against her prior employers. The action was commenced after the marriage and was resolved before the divorce. Part of the suit was settled and part went to trial which resulted in a verdict in her favor. The verdict was appealed all the way to the United States Supreme Court; but, in the end, appellant prevailed. The award itself did not differentiate between how much of the award was for the violation of her constitutional rights and what part of the award was for her losses due to her employability. The district court, therefore, made an apportionment of this award with the great majority of it going to appellant. The decision letter of the district court is worthy of note:

> "The primary consideration in property division is to effectuate a division as appears just and equitable. There are no hard and fast rules and the trial court is permitted to exercise considerable discretion. Though equal divisions are common, a proper division is as likely to be unequal. This court has considered the respective merits of the parties, the condition which they will be left by the divorce, through whom the property was acquired, and the burdens imposed upon the property for the benefit of the parties. Effectuating a division of the proceeds obtained by the defendant during litigation, the court weighs very heavily the consideration through whom the property was acquired. The federal litigation involved claims of violations of the defendant's constitutional rights— rights which she possessed at the commencement of the marriage and on which damages were awarded. Accordingly, it was through the defendant's efforts primarily that the judgment and settlement monies were derived. There was, however, a claim for damages to the defendant's employability. Accordingly, plaintiff should join to some extent in the benefits of that award but not on an equal basis."

The court then went on to divide that settlement between the parties.

As to the issue of child support, the court, in its decision letter, stated as follows:

> "The court has considered the plaintiff's ability to earn and the needs of the children in calculating a child support payment. The court will utilize the child support guidelines which tie child support for the two children to the plaintiff's net disposable income."

The court then went on to provide further that a minimum amount would be paid by the appellee.

■ Wyoming Statute 20–2–114 states the court's duties and responsibilities con-

cerning the disposition of property of the parties:

> "[T]he court shall make such disposition of the property of the parties as appears just and equitable, having regard for the respective merits of the parties and the condition in which they will be left by the divorce, the party through whom the property was acquired and the burdens imposed upon the property for the benefit of either party and children."

The district court in the case at hand clearly exercised its discretion and authority well within the perimeters of the statutes. Its discretion and judgment should not and cannot be interfered with unless there is a clear showing of an unjust or inequitable division of the property or unless the court has acted arbitrarily and capriciously. *Igo v. Igo*, 759 P.2d 1253 (Wyo.1988); *Young v. Young*, 472 P.2d 784 (Wyo.1970); *Karns v. Karns*, 511 P.2d 955 (Wyo.1973).

As to child support, again there is no showing that the trial court abused its discretion or failed to take into consideration relevant factors in determining the amount of support.

The district court's judgment is reasonable. The trial court did not abuse its discretion, and we, therefore, affirm in all respects.

URBIGKIT, Justice, specially concurring.

The significant cash asset which was divided in property settlement by the divorce decree was a civil rights award which appellant had received as the result of 42 U.S.C. § 1983 litigation from her employment. *See Wren v. Spurlock*, 798 F.2d 1313 (10th Cir.1986), *cert. denied* 479 U.S. 1085, 107 S.Ct. 1287, 94 L.Ed.2d 145 (1987). I have a concern about the resulting inequities and particularly so since I question apportionment of the civil rights award within what the Tenth Circuit Court of Appeals described to be "harm to [her], i.e., her mental problems and resulting loss of employment, [which] is not obviously divisible into * * * discrete portions * * *." *Wren*, 798 F.2d at 1323.

Recovery for personal injury sustained during marriage should be separate property. *Moreno v. Alejandro*, 775 S.W.2d 735 (Tex.App.1989). This includes mental pain and suffering. *Johnson v. Holly Farms of Texas, Inc.*, 731 S.W.2d 641 (Tex.App.1987). It is only because of the complexities presented including pre-marriage lands owned by appellee and the period of the marriage itself within a decision to be addressed by the broad discretion provided to the trial court that I can find factual justification of a result which gives an appearance of unfairness to appellant. *Overcast v. Overcast*, 780 P.2d 1371 (Wyo.1989) and *Sellers v. Sellers*, 775 P.2d 1029 (Wyo. 1989).

Even greater concern is created by inequality in child support obligations for the minor children of the parties where appellee, with receipt of a larger share of the entire divisible estate, was ordered to pay only $225 per month per child for two teenage daughters whose total maintenance will surely be substantially more than double that amount, although perhaps not the total for both of $1,600 per month requested by appellant. At the same time, while appellee is ordered to pay only $225 per month for each of his teenage daughters, he testified the support that he is providing for his adult son in college was about $800 per month.

The only possible justification for the divergence in support where each of the participants leave the marriage with a significant estate is by allocation of the family resources not only to the two minor children, but also to the college age son. Fairness in all of this perhaps can be extracted in further recognition that the monthly support payments for the daughters to the age of majority will only continue for about one and one-half years for one of the daughters and two and one-half years for the other. By that time, both parents may well have to contribute to concurrent education in college for all three children. *See, however, Jennings v. Jennings*, 783 P.2d 178 (Wyo.1989) Urbigkit, J., specially concurring.

Within the variant responsibilities and factors presented and the wide discretion given to the trial court, I concur in the result of affirming the trial court. I remain unconvinced, however, that the equities in division of estate and assessed burden of child support are completely unchallengeable by the working mother. *Connors v. Connors*, 769 P.2d 336 (Wyo.1989).