the future if inflation continues at even the present comparatively low rate?

**Donna Mae STORSETH,**
**Appellant (Plaintiff),**

v.

**Douglas L. STORSETH,**
**Appellee (Defendant).**

**No. 89–46.**

Supreme Court of Wyoming.

May 18, 1990.

Rehearing Denied June 1, 1990.

———

Donna Mae Storseth, pro se.

Clifford J. Neilson, Casper, for appellee.

Before CARDINE, C.J., and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.

PER CURIAM.

This case presents an appeal from divorce litigation results as now postured by a pro se brief to address contended district court abuse of discretion in child visitation decisions.

We affirm the district court and reject the appeal.

Appellant Donna Mae Storseth, as plaintiff, and appellee Douglas L. Storseth, as defendant, commenced divorce proceedings on October 26, 1987. A course of active litigative proceedings culminated after trial in an August 1988 decision letter and a decree of divorce entered September 6, 1988. Appellant and her trial law firm severed relations and first James David Kemo Smith and then Walter A. Murray, Jr. entered appearances in her behalf in post-decree involvement. A jurisdictionally belated pro se notice of appeal was filed, *see* W.R.A.P. 2.01, resulting in a dismissal by this court on December 1, 1988.

An active course of proceedings apparently in and out of the district court continued and motions from which this appeal originates were then filed, including a pro se motion to modify filed December 16, 1988, a motion for order suspending visitation filed December 21, 1988, a motion for disqualification of judge filed January 5, 1989, a motion for order placing funds in trust for security for payment of child support filed January 11, 1989, a motion to review and modify decree of divorce property distribution filed January 11, 1989, and a motion to dismiss motion to compel visitation filed January 11, 1989 which responded to the earlier motion filed by appellee to secure Christmas visitation as provided in the divorce decree.

On January 17, 1989, five dispositive orders were entered by the district court separately denying and dismissing the request for a court order to review and modify the decree of divorce property distribution pursuant to a motion of January 11, 1989; a motion to review and modify decree of divorce property distribution pursuant to combined motions to modify initially filed December 16, 1988; a motion to dismiss motion compelling visitation (dis-

missed for mootness); a motion placing funds in trust for security for payment of child support; and for district court judge disqualification. Additionally, an order was entered on January 17, 1989, directed to appellant, constituting a turnover order involving an electrical converter.

Again pro se, appellant, on January 25, 1989, filed a notice of appeal from those adverse orders, stating:

> NOTICE IS HEREBY GIVEN that Donna Storseth Plaintiff above named, hereby appeals to the Supreme Court of the State of Wyoming from the Order denying Plaintiff[']s "MOTION TO DISQUALIFY JUDGE" and "PLACING FUNDS IN TRUST FOR SECURITY FOR PAYMENT OF CHILD SUPPORT" and "MOTION TO REVIEW and MODIFY DECREE OF DIVORCE PROPERTY DISTRIBUTION" and the Order Granting Defendant[']s "MOTION FOR ORDER DIRECTING PLAINTIFF TO TURN OVER PROPERTY TO DEFENDANT" ENTERED ON JANUARY 23, 1989.

It is by that appeal from denial of the post-decree motions that this proceeding is now presented for our appellate review. Walter A. Murray, Jr. filed a motion to withdraw on February 28, 1989 and then succeeded by other counsel in the appellate proceeding who also withdrew by motion of November 27, 1989. The appellant's brief, following a motion by appellee to dismiss the appeal, was filed pro se on January 17, 1990 after several extensions.

■ Stated in the filed brief to be the issue of appeal is a challenge to the visitation provisions provided in the original decree of divorce entered September 6, 1988 as subsequently addressed by a motion regarding visitation filed December 21, 1988, which stated:

> * * * Plaintiff * * * moves the Court for an Order suspending visitation pending evaluation of the Parties['] minor children as to the effects of visitation upon them since the defendant has not

seen them for approximately one year and the children fear him.[1]

Visitation is a matter for the exercise of discretion by the district court and nothing is provided by this record, including testimony in the original trial, which demonstrates an abuse of discretion, *Rowan v. Rowan*, 786 P.2d 886 (Wyo.1990), either, if now open for consideration, in initial entry, *Ebeling v. Ebeling*, 782 P.2d 584 (Wyo. 1989), or on present request for what appears to be a modification of the decree by which this appeal would be technically postured. *Connors v. Connors*, 769 P.2d 336 (Wyo.1989); *Mentock v. Mentock*, 638 P.2d 156 (Wyo.1981). Furthermore, although no argument is presented and no authority is cited to support appellant's contentions on other orders from which the appeal is taken, our independent review of the now extended record reveals no error of law, *Sellers v. Sellers*, 775 P.2d 1029 (Wyo.1989), or improvident exercise of discretion, *Wren v. Wren*, 785 P.2d 1164 (Wyo.1990); *Overcast v. Overcast*, 780 P.2d 1371 (Wyo.1989), which would be either available for review under the purview of W.R.C.P. 59 and 60, *Clarke v. Vandermeer*, 740 P.2d 921 (Wyo. 1987); *Paul v. Paul*, 631 P.2d 1060 (Wyo. 1981), or demonstrating changed circumstances if the proceeding is considered to be a motion to modify, *Salmeri v. Salmeri*, 554 P.2d 1244 (Wyo.1976). *Cf. Dorr v. Newman*, 785 P.2d 1172 (Wyo.1990).

The district court is affirmed.

---

1. We do not find where specific action on this motion was ever taken by the district court and the motion is deemed denied after sixty days by application of Rule 301, Uniform Rules for the District Courts of the State of Wyoming.