**Debra J. WILLIAMS, Appellant (Defendant),**

v.

**Robert R. WILLIAMS, Appellee (Plaintiff).**

**No. 91–133.**

Supreme Court of Wyoming.

Sept. 24, 1991.

Micheal K. Shoumaker, Sheridan, for appellant.

Steven R. Czoschke, Gillette, for appellee.

Before URBIGKIT, C.J., CARDINE, MACY and GOLDEN, JJ., and ROONEY, J., Retired.

ROONEY, Justice, Retired.

Appellant words the issue on appeal from a divorce decree: "Did the District Court abuse its discretion in dividing the assets of the parties?" Appellee added the issue: "Did reasonable cause exist for this appeal?"

We affirm.

The district court did not abuse its discretion, but we do not find the cause for appeal to be unreasonable so as to award attorney fees to appellee pursuant to W.R.A.P. 10.05.[1]

The parties were married on August 11, 1984. No children were born of the marriage, but appellee adopted one of appellant's two children from a former marriage. In 1986, appellant moved from the parties' home in Gillette to Colorado. Appellee obtained an uncontested legal separation from appellant on July 13, 1990. On September 27, 1990, appellee moved for a decree of divorce. After trial, the decree was entered on April 16, 1991.

W.S. 20-2-114 provides in part:

"In granting a divorce, the court shall make such disposition of the property of the parties as appears just and equitable, having regard for the respective merits of the parties and the condition in which they will be left by the divorce, the party through whom the property was acquired and the burdens imposed upon the property for the benefit of either party and children."

Appellant contends that the trial court ignored the portion of the statute which reads "the condition in which they will be left by the divorce" by not giving sufficient consideration to her physical condition as a result of two automobile accidents, and she contends that the portion of the statute which reads "the party through whom the property was acquired" need not be applied. She acknowledges the difficulty of her position, and begins the argument in her brief:

"The Appellant believes she should have alimony or a greater portion of the

---

1. W.R.A.P. 10.05 provides in pertinent part:
   "If the court certifies that there was no reasonable cause for the appeal, there shall also be taxed as part of the costs in the case, a reasonable fee, to be fixed by the court, not less than one hundred dollars ($100.00) nor more than five thousand dollars ($5,000.00), to the counsel of the appellee, and to the appellee damages in such sum as may be reasonable, not exceeding two thousand dollars ($2,000.00) * * *."

property. Her argument is difficult to reconcile with Wyoming Law. Even a party who is awarded alimony must show both a need for it and the other spouse's ability to pay. *Sellers v. Sellers*, 775 P.2d 1029 (Wyo.1989). If the Appellant did not receive the award of alimony, the Appellant must show that the trial court abused its discretion. To show the abuse of discretion she must show that the trial court's distribution of marital property was so unfair and unequitable as to shock the conscience of the court. *Overcast v. Overcast*, 780 P.2d 1371, 1373 (Wyo.1989)."

Two well established rules are pertinent to the consideration of this issue:

"A court does not abuse its discretion unless it acts in a manner which exceeds the bounds of reason under the circumstances. In determining whether there has been an abuse of discretion, the ultimate issue is whether or not the court could reasonably conclude as it did. An abuse of discretion has been said to mean an error of law committed by the court under the circumstances."

*Martinez v. State*, 611 P.2d 831, 838 (Wyo. 1980).

"Our rule is that where the sufficiency of evidence is an issue we uphold the judgment if there is evidence to support it, and in so doing we look only to the evidence submitted by the prevailing party and give to it every favorable inference which may be drawn therefrom, without considering any contrary evidence."

*Hance v. Straatsma*, 721 P.2d 575, 578 (Wyo.1986). *And see Igo v. Igo*, 759 P.2d 1253 (Wyo.1988), involving the same issue as here presented.

Under the circumstances of this case, it cannot be said that the trial court acted in a manner which exceeded the bounds of reason. Appellant's physical condition[2] was only one of the many circumstances to be considered by the court in making a division of the property. The parties had lived together for only about two years. Appellant had attended college and had a degree in accounting and a position with the State of Colorado. Although child support was not requested by appellant, the divorce decree directed appellee to pay $800 monthly for support of the adopted child (for about five years unless emancipation occurs for other than reaching majority). The amount is in accord with that directed by statute. The decree directed appellee to pay monthly the cost of appellant's medical insurance for a one year period, and to maintain a reasonably comprehensive health and accident insurance policy covering the adopted child (the parties to share equally health care expenses not covered by the policy including deductibles).

Appellee was awarded property owned by him prior to the marriage and that inherited by him, viz 5,708 shares of Ralston Purina stock acquired from 1979 to 1981; 63.87 shares of Ashland Oil stock received as a gift at the time of his birth; 512 shares of Primerica stock acquired in 1981 and 1982; 2,598.45 shares of Fidelity High Yield stock; the stock in Kentucky Farms periodically transferred from his mother as inheritance-gift; and a house in Sterling, Colorado, subject to indebtedness, purchased by appellee several years before the marriage. Appellant was awarded the house in Lamar, Colorado, subject to indebtedness, purchased by her while living apart from appellee.

Each party was awarded the personal effects in their respective possessions. Appellee was awarded a 1989 Chevrolet Suburban, subject to approximately $7,000 indebtedness and a 1979 Ford LTD. Appellant was awarded the 1989 Subaru. Appellee was awarded the IRA stock held by him and appellant was awarded the IRA stock held by her. Fifty percent of the Atlantic

2. As a result of two automobile accidents, appellant has had to undergo, and will have to continue to undergo, treatment and surgery on her jaw and related area, her top left rib was removed and the top right one may have to be removed. She suffers from carpel tunnel syndrome and may need surgery on her hands. She has contracted Epstein–Barr Syndrome. The accidents occurred after appellant had left appellee and moved to Colorado. The divorce decree awarded appellant any monies received as a result of these injuries.

Richfield Savings and the Atlantic Richfield Capital Accumulation Plan was awarded to each party. Appellee was awarded his checking and savings accounts at Atlantic Federal Credit Union, bonds received through his employment and an Edward D. Jones account. Appellant was awarded her mutual funds, her limited partnership funds, her personal financial accounts and her pension plans and investment funds. Appellee was awarded the fifty percent partnership interest in four bulls; 39 acres of land in Westcliffe, Colorado, and the house in Pueblo, Colorado, both subject to indebtedness.

The requirement for disposition of the property of the parties upon divorce is that it be "just and equitable," and not that it necessarily be "equal." Reviewing the evidence, as we must, by considering that of the prevailing party and giving to it every favorable inference, we find it sufficient for the disposition made by the court of the property of the parties. It is "just and equitable." The trial court could reasonably conclude as it did. Appellant's medical condition may be serious, but the trial court observed her during her testimony and is in a much better position than are we to evaluate its overall effect on the matter before us. The decree did provide her with appellee-paid health insurance for a year. The court did not abuse its discretion.

We do not certify that there was no cause for appeal of this case. Each party shall pay its own costs and expenses.

Affirmed.