Donna Mae STORSETH,
Appellant (Defendant),

v.

BROWN, RAYMOND & RISSLER, a professional corporation,
Appellee (Plaintiff).

No. 89–98.

Supreme Court of Wyoming.

Jan. 30, 1991.

---

Mary T. Kloeckner, Cheyenne, for appellant.

H. Steven Brown of Brown, Raymond & Rissler, P.C., Casper, for appellee.

Before CARDINE, C.J.,* and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.

PER CURIAM.

This appeal involves attorney fees charged in an especially unpleasant divorce proceeding.[1] Appellees (law firm), sued their ex-client, Donna Mae Storseth (Storseth), for unpaid legal fees incurred through trial. It is from the summary judgment granted in favor of the law firm on that ancillary suit that this present appeal is pursued. Storseth states as her issues whether:

### I.

* * * the contents of appellant's pro se pre-summary judgment motions were sufficient to raise a genuine issue of material fact as to appellant's liability or the amount thereof which should have precluded summary judgement [sic].

### II.

* * * appellant's pro se status while she was endevoring [sic] to obtain competent counsel should entitle her to less stringent standards of legal competency as a matter of law.

### III.

* * * the garnishment statute as applied to appellant, or on its face, is unconstitutional to the extent that AFDC and general assistance funds are exempt while court ordered child support and alimony are not.

The law firm responds:

### I.

The district court did not commit an error of law by granting appellee's motion for summary judgment[.]

### II.

A pro se litigant is not entitled to greater rights than other litigants[.]

### III.

The garnishment statute [sic] constitutionality is not relevant in this case.

This appeal will chronicle the adversities to be encountered in the lands of summary judgment, *Cordova v. Gosar*, 719 P.2d 625 (Wyo.1986), prematurely entered upon contended default of appearance, *McGinnis v. Beatty*, 28 Wyo. 328, 204 P. 340 (1922), without any notice of any default hearing, *Spitzer v. Spitzer*, 777 P.2d 587 (Wyo. 1989). Those issues when extrapolated from the litigants' arguments make sense only by retracing the procedural history of this fee litigation.

---

* Chief Justice at time of oral argument.

1. *Storseth v. Storseth,* 792 P.2d 243 (Wyo.1990). Appellant's counsel withdrew from that appeal and counsel for the husband has been disbarred for events that occurred in another divorce case. Bad winds blow upon the Storseth divorce litigation.

Storseth was engaged in a very disharmonious marital dissolution conflict and, in October 1987, retained the law firm for legal representation. A deal of some kind was struck, obviously not in writing, regarding fees. The representation then started and continued until an apparently unpleasant conference on August 22, 1988, followed by two letters of withdrawal of August 23 and 24 and a motion to formally withdraw filed August 24.

On December 5, the law firm filed suit for legal fees with interest. By happenstance and pure accident on exactly the same day, Storseth instituted a petition for arbitration of fee dispute before the Committee on Resolution of Fee Disputes of the Wyoming State Bar. The petition was dated December 2 and mailed to the office of the Wyoming State Bar and consequently docketed on December 5.[2]

Storseth responded to the district court complaint for legal fees by a motion to dismiss filed December 13 stating that "Defendant moves this Court for an Order dismissing the above entitled action on the grounds that it has been turned over to the FEE ARBITRATION BOARD."

The law firm, following notice of a January 26, 1989 fee arbitration dismissal, filed a motion for summary judgment on February 6, 1989 and obtained a hearing date of February 22.

On February 21, Storseth, in handwritten form, filed a Motion for Order for Continuance Hearing On Motion for Summary Judgment. Apparently, a "conference" was held with the district judge on February 22, although nothing reflects that occurrence and no document was filed resetting a date for the summary judgment motion hearing. On March 2, Storseth filed a typewritten document captioned Emergency Motion for Enlargement of Time to Provide Competent Counsel for Purposes of Present Hearing.

On March 6, the law firm filed a traverse to the emergency motion denying all allegations and contending:

Defendant's continued resistance to pay Plaintiff is frivolous and without merit. Defendant's accusations are libelous and unsubstantiated. This case has already been heard by fee arbitration and Plaintiff is therefore entitled to costs and attorney's fees as provided under Wyoming Statute § 1–14–128; Baseless Pleadings.

On March 6, a decision letter was rendered by the district court without hearing, which stated:

The above matter having come before the Court upon a motion for summary judgment by plaintiff, the defendant having been allowed an additional ten (10) days to file affidavits or other material in opposition to the motion, and the defendant having failed to file such material within the time allowed, the motion of the plaintiff is granted. [Counsel] is requested to prepare a judgment accordingly.

The next day, March 7, also without appearance or notice, an order of summary judgment was entered, from which this appeal is pursued, stating:[3]

THIS MATTER having come before the Court, upon Plaintiff's Motion for Summary Judgment, and a hearing having been set February 22, 1989 at 8:30 a.m.; and the Plaintiff appearing * * * and the Defendant, Donna Mae Storseth, appearing pro se; and the Defendant having made representations to the Court that she is without counsel and in need of legal assistance, the Court FINDS as follows:

1. That Plaintiff filed a Complaint on December 5, 1988, and service of process was duly made upon Defendant.

2. That on or about December 13, 1988, Defendant submitted an Attorney Fee Dispute to the Fee Arbitration Committee of the Wyoming State Bar.

---

2. The fee arbitration effort of the client did not succeed. The details are related in the attached special concurrence authored by Chief Justice Urbigkit.

3. There was no approval as to form by the pro se litigant. Rule 404, Uniform Rules for the District Courts.

3. That at the time Defendant submitted her fee dispute to Fee Arbitration, Defendant filed a Motion to Dismiss dated December 13, 1988. Defendant did not set her Motion to Dismiss for motion hearing and more than sixty (60) days has transpired and therefore Defendant's Motion to Dismiss is deemed denied.

4. On or about January 26, 1988 the Fee Arbitration Committee of the Wyoming State Bar dismissed the fee arbitration filed by Donna Mae Storseth, for lack of jurisdiction. A copy of that decision is filed herein. This Court therefore has jurisdiction to decide the matter.

5. That the Defendant has not filed an Answer to Plaintiff's Complaint and that the Defendant has therefore failed to provide the court with a meritorious defense.

6. In an attempt not to prejudice the Defendant, this Court allowed the Plaintiff an *additional ten (10) days from February 22, 1989* to procure counsel in order to present necessary pleadings to the Court.

7. *Ten (10) days has elapsed as of March 4, 1989* and pursuant to the rules of procedure, the Defendant's 10th day to comply with the Court Order would be *Monday, March 6, 1989.*

8. The Defendant filed another Motion for Enlargement of Time to Provide Competent Counsel on March 2, 1989. The Court finds that said motion does not comply with the court's instructions of February 22, 1989. Said motion does not offer a meritorious defense nor does it respond to Plaintiff's motion for summary judgment.

9. The Defendant has failed to comply with the Wyoming Rules of Civil Procedure in that Plaintiff's complaint remains unanswered, and affidavits have not been filed in response to Plaintiff's motion for summary judgment.

10. Plaintiff is being prejudiced by the continuation of this lawsuit, and that the Plaintiff is entitled to protection from the continued diminishment of Defendant's estate.

WHEREFORE, the Court orders as follows:

1. That Defendant's Motion to Dismiss dated December 13, 1988 is deemed denied.

2. That Plaintiff's Motion for Summary Judgment dated February 6, 1989 is hereby granted and Plaintiff is awarded Judgment in the amount of Seven Thousand Three and 46/100 Dollars $7,003.46.

DONE IN OPEN COURT this 7th day of March, 1989.

(Emphasis added.)

On the same day that the order of summary judgment was issued, the law firm had the clerk of court issue a notice of right to hearing on execution and garnishment and followed with three executions, which included garnishment of bank accounts of Storseth on March 10, 1989 at Hilltop National Bank, the Wyoming National Bank and the Mountain Plaza Bank as well as execution on the Storseth family motor vehicle which was "expeditiously" seized by the sheriff for execution sale. Proceeds at least alleged to have been child support were obtained at the Mountain Plaza Bank in the net amount credited of $745.05, after deduction of costs and judgment interest, and gross sale price of $5,083.45 for the family vehicle, against which were charged $93.09 as expenses, for a net credit of $4,990.36.

This litigation was not yet to end. Immediately after Storseth discovered that a summary judgment had been entered, she filed a comprehensively detailed motion for reconsideration or, in the alternative, a motion for relief from the district court's order of summary judgment pursuant to W.R.C.P. 60(b) and a motion to stay judgment pending reconsideration and/or motion to vacate pursuant to W.R.C.P. 60(b). On the same day, March 10, Storseth filed a request for hearing on rights to exemption which related specifically to the family motor vehicle which had then been picked up. A hearing on exemptions was scheduled for March 17. On March 13, Storseth filed a further document as a motion to stay execution of judgment pending review. The law firm filed a traverse to the

W.R.C.P. 60(b) motion and motions for stay by substantive attack, which documents included the following statement:

> Furthermore, Defendant has already submitted her case to fee arbitration pursuant to guidelines and rules of the Wyoming State Bar. At the time of submission, the Defendant stated that the decision of the arbitration committee would be binding. As previously stated, the Fee Arbitration Committee of the Wyoming State Bar dismissed Defendant's fee arbitration for lack of jurisdiction, *meaning that an arguable fee dispute did not exist.* Therefore, Defendant has failed to demonstrate any other reason for setting aside default.

(Emphasis added.)

The district court never entered a ruling on the W.R.C.P. 60(b) motion and it was deemed denied pursuant to W.R.C.P. 59.

On March 22, Storseth filed a notice of appeal pro se stating:

> NOTICE IS HEREBY GIVEN that Donna Storseth Defendant above named, hereby appeals to the Supreme Court of the State of Wyoming from the "Order Summary JUDGEMENT" and "EMERGENCY MOTION FOR ENLARGEMENT OF TIME TO PROVIDE COMPETENT COUNSEL FOR PURPOSES OF PRESENT HEARING" and "MOTION TO STAY THE JUDGEMENT PENDING RECONSIDERATION and/or MOTION TO VACATE TO RULE 60–(b)" and the order granting Plaintiff[']s "MOTION FOR ORDER DIRECTING DEFENDANT TO TURN OVER PROPERTY TO PLAINTIFF" ENTERED THIS 22 day of MARCH 1989.

By the issues thus defined, we reverse and set aside the summary judgment and remand to provide an opportunity for Storseth to obtain a determination on the merits for the issues presented.

Discussion will be confined for reversal to the scheduling and process used by the district court for entry of the summary judgment. For this purpose, we accept the validity of the statement in the March 7, 1989 summary judgment document as a fact otherwise undocumented in this record that the originally scheduled February 22, 1989 hearing convened in some fashion and was then continued for *ten days* to permit the unrepresented litigant to obtain counsel. That order granting summary judgment from which this appeal was premised stated first, "[i]n an attempt not to prejudice the Defendant, this Court allowed the Plaintiff an additional ten (10) days from February 22, 1989 to procure counsel in order to present necessary pleadings to the Court;" and then "[t]en (10) days has elapsed as of March 4, 1989 and pursuant to the rules of procedure, the Defendant's 10th day to comply with the Court Order would be Monday, March 6, 1989."

W.R.C.P. 6(a) on computation of time then (and now) provides:

> In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statutes, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of a paper, a day on which weather or other conditions have made the office of the clerk of the court inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days. When the period of time prescribed or allowed is less than eleven (11) days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation. As used in this rule, "legal holiday" includes any day officially recognized as a legal holiday in the state by designation of the legislature or appointment as a holiday by the governor.

Whether orally done or if an order had been entered resetting the case after ten days from the February 22, 1989 hearing date scheduled, the decision was written on Monday, March 6, 1989, which was the eighth day (four weekend days intervening) and the summary judgment was entered on March 7, 1989, which was the ninth day, or one day before expiration of the hearing

date, if in fact any hearing date had been validly set. *Midway Oil Corp. v. Guess*, 714 P.2d 339 (Wyo.1986); *Emery v. Emery*, 404 P.2d 745 (Wyo.1965); Wright & Miller, *Federal Practice and Procedure*, Civil 2d, § 1162 (1987).

If it is considered that counsel and the district court were not confined in time to further plead by W.R.C.P. 6, there remains another dispositive scheduling problem. Storseth had entered an appearance and the record reflected, albeit in pro se form, that she was contesting the legal fees. The Wyoming rule on entry of default, W.R.C.P. 55(b)(2), requires a written notice three days prior to the application for judgment. No compliance with this requirement was provided. *Lawrence–Allison and Associates West, Inc. v. Archer*, 767 P.2d 989 (Wyo.1989); *Deutz–Allis Credit Corp. v. Smith*, 785 P.2d 682 (Idaho App. 1990).

Consequently, we have an undocumented continuance without a specific future date stated for hearing, decision entered before a stated ten days had expired, and no compliance with the three day notice provision required to obtain a default judgment. A motion then made to set aside the default and default summary judgment was denied by the expiration of the time provided by W.R.C.P. 59(f) of sixty days without ruling.[4] The summary judgment was prematurely entered and will be reversed to afford Storseth and present counsel an opportunity to respond within the time provided by a properly scheduled summary judgment hearing.

This court has previously examined the effect of a premature entry of a default judgment before answer time has expired. If the district court properly reset the hearing for this case with an additional ten day extension, those ten days are covered by W.R.C.P. 6 and would not include weekend days within the period. Consequently, entry of the order occurred before the hearing date and was improper. In the early Wyoming case of *McGinnis*, 204 P. 340, a motion to dismiss was denied and the answer then filed was struck as out of time when a rule date had not been formally fixed. This court held that striking the answer was improper and a default would be vacated without any requirement to address a meritorious defense.

As it was not proper to strike the answer from the files, it follows that the defendant was not really in default. The respondent contends, however, that the case came on regularly for trial, the defendant failing to appear; that evidence was taken, as recited by the judgment, in proof of plaintiff's case; and we should presume that the result would have been no different if the answer had been allowed to stand. In other words, it is claimed that no prejudice to defendant resulted from the action of the court. We do not so view the case. There is no provision of the Code which authorizes a

---

4. *Cf. Jaxon v. Circle K Corp.*, 773 F.2d 1138 (10th Cir.1985), summary judgment granted against pro se litigant after request for time was made. The court in *Whitaker v. Coleman*, 115 F.2d 305, 307 (5th Cir.1940) stated:

Summary judgment procedure is not a catch penny contrivance to take unwary litigants into its toils and deprive them of a trial, it is a liberal measure, liberally designed for arriving at the truth. Its purpose is not to cut litigants off from their right of trial by jury if they really have evidence which they will offer on a trial, it is to carefully test this out, in advance of trial by inquiring and determining whether such evidence exists.

*See Greenberg v. Food and Drug Admin.*, 803 F.2d 1213 (D.C.Cir.1986); *Alghanim v. Boeing Co.*, 477 F.2d 143 (9th Cir.1973); *Toebelman v. Missouri–Kansas Pipe Line Co.*, 130 F.2d 1016 (3rd Cir.1942); and *Cunningham v. Lanier*, 555

So.2d 685 (Miss.1989). *See also Deutz–Allis Credit Corp.*, 785 P.2d at 684 (footnote omitted), which states:

However, a court's usual discretionary authority to grant or deny such a motion [I.R. C.P. 60(b)] may be greatly narrowed where certain procedural safeguards were not strictly complied with in obtaining the judgment. In cases where a party has appeared in the action, default judgment must be taken pursuant to I.R.C.P. 55(b)(2). *Radioear Corp. v. Crouse*, 97 Idaho 501, 547 P.2d 546 (1976). Under this rule, "the party against whom judgment by default is sought ... shall be served with written notice of the application for judgment at least three (3) days prior to the hearing on such application." Entry of a default judgment without the requisite three-day notice of application for the judgment renders the judgment voidable.

default of a defendant who merely fails to appear at the time of trial.

*Id.* at 343. *See also McDaniel v. Hoblit,* 34 Wyo. 509, 515, 245 P. 295 (1926). Direct relevance is supplied by *English v. Smith,* 71 Wyo. 1, 17, 253 P.2d 857, 862, *reh'g denied* 71 Wyo. 28, 257 P.2d 365 (1953), which contains procedural similarities where "[t]he defendant was not properly in default and it appear[ed] that the judgment was prematurely entered." The court found that the judgment "was at least voidable." *Id.* 253 P.2d at 862. This court further discussed void judgments in *Wunnicke v. Leith,* 61 Wyo. 191, 157 P.2d 274 (1945) and *Kimbel v. Osborn,* 61 Wyo. 89, 156 P.2d 279 (1945), where entry by default was made by the clerk of court. As such, it was not merely irregular or erroneous, "but absolutely void and a nullity." *Wunnicke,* 157 P.2d at 277. The adherence to the schedule of the court that is binding on the litigant, *Rim Group v. Mountain Mesa Uranium Corp.,* 78 Wyo. 204, 321 P.2d 229, *reh'g denied* 78 Wyo. 204, 323 P.2d 939 (1958), is likewise binding upon the court as a question of due process. In particular, the notice requirement of W.R. C.P. 55(b)(2) justifies litigant reliance. *Lawrence–Allison and Associates West, Inc.,* 767 P.2d 989; *Sanford v. Arjay Oil Co.,* 686 P.2d 566 (Wyo.1984). A similar rule appertains to the ten day notice of W.R.C.P. 56(c). *Torrey v. Twiford,* 713 P.2d 1160 (Wyo.1986); *Alghanim v. Boeing Co.,* 477 F.2d 143 (9th Cir.1973).

*Lawrence–Allison and Associates West, Inc.,* 767 P.2d at 998, Thomas, Justice, specially concurring, has factual similarities where counsel withdrew and a W.R.C.P. 55(b)(2) notice was not given. As a result, there was an erroneous judgment. The same issue was created and the identical result followed in *Spitzer,* 777 P.2d 587, where a default was entered for neglect or refusal to comply with discovery and a default decree was entered as a complex divorce settlement decision without any hearing. *Accord Lovato v. Santa Fe Intern. Corp.,* 151 Cal.App.3d 549, 198 Cal. Rptr. 838 (1984). Another recent Wyoming case, *Midway Oil Corp.,* 714 P.2d 339, is directly applicable where a default judg-

ment was also entered. The court in *Midway Oil Corp.,* 714 P.2d at 345 (footnote omitted) said:

Since the answer date had not expired at the date that the default was entered or the date when the judgment was rendered, the judgment as entered is void or at least voidable. No denial discretion remained when the motion to vacate the default judgment was seasonably made. *Vanover v. Vanover,* supra [77 Wyo. 55, 307 P.2d 117 (1957) ]. See also *Emery v. Emery,* Wyo., 404 P.2d 745 (Wyo.1965), and *National Supply Co. v. Chittim,* supra [387 P.2d 1010 (Wyo.1964) ].

This present case is remanded to set aside the default judgment and afford reasonable opportunity for Storseth to pursue her contest to the claimed legal fees by a response to the motion for summary judgment and, if any appropriate issue of fact is developed, for a trial on the merits.

Reversed and remanded.

URBIGKIT, C.J., filed a specially concurring opinion.

THOMAS, J., filed a specially concurring opinion, with whom CARDINE, J., joined.

CARDINE, J., filed a specially concurring opinion, with whom THOMAS, J., joined.

URBIGKIT, Chief Justice, specially concurring.

I concur with this court's decision, but write further to address issues and events which are either of importance in decision or require resolution. Those issues include: (a) fee arbitration; (b) garnishment; and (c) void or voidable status of the vacated judgment.

In this attorney fee litigation, collection activity by the law firm which represented Storseth is almost unparalleled in demonstration of developed hostility, while Storseth reciprocated by the harshness of her language which was included in voluminous pleadings. The evidentiary hearing

for the divorce trial ended August 4, 1988.[1] The law firm immediately prepared a billing through that date as a general billing of fees due. On August 16, 1988, a decision letter was entered and followed on September 6 by entry of the divorce decree after approval as to form in behalf of Storseth by the law firm. Of significance in the present proceeding, the divorce decree provided that "Defendant [husband] shall pay the sum of $3500 to assist Plaintiff [wife] with her attorney's fees. Plaintiff shall be responsible for any fees greater than $3500.00." One of the issues of this appeal, in proper perspective, is derived from this provision since the law firm made no effort before or after withdrawal on August 24 to collect the fees which had been granted for their benefit in the divorce decree. Instead, they chose to sue their client.[2]

Active fee collection was expeditiously pursued. On October 12, 1988, or about two months after the trial had been completed and one month after the divorce decree was entered, a "legal lien" was filed in the office of the County Clerk in Natrona County, Wyoming. The lien statement referenced filing authorization to W.S. 29–1–102, described indexing pursuant to W.S. 29–1–301, and included a description of Storseth's residence by legal description.[3] The referencing relationship in the legal fee lien statement to the mechanic's lien provision of the Wyoming statutes is unclear. *See Gaughan v. Gaughan,* 450 N.W.2d 338 (Minn.App.1990), which requires an election of remedies. The law firm's indicated purpose was to encumber real property by filing an attorney's lien statement. If it were to be considered that the mechanic's lien statutory provisions can be applied to the legal retaining and charging lien provision, then the law firm failed to comply with W.S. 29–2–107, requiring a notice of intention to file lien. There is no demonstration in this record that compliance with the notice of filing required by W.S. 29–1–301(c) by certified mail was given since the record only reflects a regular mail letter of October 25, 1988 addressed to Storseth. This letter related:

> Enclosed is a copy of a filed lien statement which we filed with the County Clerk in order to perfect our Attorneys Lien as provided in Wyoming Statutes. You already have received one copy but the first copy was not recorded. The recording of this document only serves to protect our priority in case other creditors attempt to collect.
>
> I understand you are attempting to file your own appeal and I felt it best to protect our interests.

Storseth pursued her divorce decision appeal initially pro se, then through other counsel, and is finally before this court pro se.

Storseth responded to the claimed legal fees by filing a petition with the Committee on Resolution of Fee Disputes of the Wyo-

---

**1.** The record reflects a statement by the law firm in various file documents that the representation ended on that date. The record reflects, however, that withdrawal came on August 24, 1988 following post-trial disputes between Storseth and the law firm.

**2.** The justification for this approach as a practical matter is unclear since obviously the husband had greater resources, and enforcement would likely have been possible without any litigation activity. This provision also raises the question as to the amount due from Storseth where a resource was available to the law firm by district court decree as partial compensation. The law firm had received initial retainer payments of $1,500 for the divorce case representation and stated additional amounts were due of $7,003.46 which balance, without credit for the district court award, became the subject matter of this proceeding.

**3.** The Wyoming attorney fees lien provision is both a retaining and charging lien statute. *Morfeld v. Andrews,* 579 P.2d 426 (Wyo.1978).

> The statute states:
> (a) For professional services performed on behalf of a client, an attorney shall have a lien for compensation due him from the time of giving notice of the lien. The attorney's lien attaches upon:
> (i) Any papers or money of his client which have come into his possession;
> (ii) Money due his client and in the possession of an adverse party.
> (b) Notice as required by subsection (a) of this section to be given to any person against whom the lien is asserted shall be given by certified mail, return receipt requested.

W.S. 29–1–102.

ming State Bar which was constituted by a rule of this court (at that time included in the Disciplinary Code as Rule XXIII, Resolution of Fee Disputes).

The record shows that a copy of Storseth's filed petition for arbitration of fee disputes was mailed by the Wyoming State Bar on December 13, 1988 to a committee representative in Douglas, Wyoming, a copy to the chairman of the committee, and a copy to the attorney who was the member of the law firm submitting the billing claim. The following inclusion was significant in the petition adopting the form provided by the committee:

> 6. By filing this Petition, I acknowledge that the panel may, in its discretion, for *cause shown or on its own motion, assign an attorney at law to represent me in these proceedings.*
>
> 7. I agree that this fee dispute shall be heard and decided by the Committee on Resolution of Fee Disputes of the Wyoming State Bar or by a panel of members thereof, in accordance with the Committee's Rules and prescribed procedures. I agree that the Rules of the Committee on Resolution of Fee Disputes of the Wyoming State Bar and any rules of procedure adopted by the Committee shall supersede the provisions of the Uniform Arbitration Act (W.S. 1–36–101 et seq.) in the event of conflict therewith. I acknowledge that I have received a copy of the Rules of the Committee on Resolution of Fee Disputes of the Wyoming State Bar.
>
> 8. I further agree that the arbitration decision and award of the Committee on Resolution of Fee Disputes or panel of members thereof shall be final and binding upon me. I acknowledge that the effect of this agreement is the relinquishment of my right to bring an action in a court of law to settle this fee dispute.
>
> 9. I further agree that the Court having jurisdiction may enter a judgment upon the award.

(Emphasis in original.) Storseth did not receive a copy of the letter which was sent to the committee member in Douglas. Apparently, her next communication was dated January 26, 1989, signed by the Executive Secretary of the Wyoming State Bar with copies to the law firm, the assigned member of the committee and members of the executive council of the committee. This communication stated:

> Please be advised that the fee arbitration filed by you in the above-captioned matter has been dismissed by the Committee for lack of jurisdiction. The file has been closed.
>
> If I can be of further assistance to you, please do not hesitate to contact me.

So ended Storseth's efforts for fee arbitration without any contact with her by a member of the committee and without any hearing of any kind. There is no evidence provided in either record that consideration was ever given to the divorce decree and its provisions for an award of attorney's fees against the husband. What we do find, since it appears later in the record, is that on December 13, 1988, the Executive Secretary for the Wyoming State Bar wrote the law firm attorney ex parte advising of the filing of the petition and its assignment to the Douglas member for "investigation." On December 19, 1988, the law firm responsively wrote to the Douglas member ex parte explaining that there was no written retainer agreement describing a basis for the fee billing and arguing generally the substantive merits of fee entitlement. Apparently, the next thing that happened was the letter of notified dismissal for "lack of jurisdiction," since a letter of February 24, 1989 from the Wyoming State Bar to Storseth stated:

> This follows your telephone request of the above date to forward to you the information we have on the fee arbitration file except for the enclosures mentioned in [counsel's] letter of December 19, 1988.
>
> If you desire the enclosures with the December 19, 1988 letter, please advise because I assume you have them.

A copy of this letter was sent *carbon copy blind* to the law firm. Nothing in this record reflects that Storseth had ever been furnished the December 19, 1988 law firm letter or any of the enclosures by either the

Wyoming State Bar or the law firm. She was provided no apparent opportunity to respond or otherwise pursue her contended objections to the claimed fees. A history of these proceedings cannot create a res judicata basis for resolution of the lawsuit which was also being pursued by the law firm since no hearing, real or pro forma, had been provided before the "jurisdiction" dismissal. *Matthews v. Fetzner*, 768 P.2d 590 (Wyo.1989).[4] Storseth had also, during the processing of the fee dispute, filed her motion to dismiss with the district court in this litigation.

Following the fee arbitration dismissal and expeditiously pursued motion by the law firm for summary judgment, events become murky in procedure. On February 21, 1989, Storseth, in handwritten form, filed a Motion for Order for Continuance Hearing On Motion for Summary Judgement by stating in part:

> COMES NOW DEFENDANT in the above entitled matter asking for a continuance. Defendant having been told by attorney [Mr. X's] mother * * * that her attorney [Mr. X] will not be able to represent her in this case. Defendant having been told on February 21, 1989 a.m. Defendant was told that [counsel] is acting attorney for [Mr. X] and it would create a conflict of interest.
>
> *     *     *     *     *     *
>
> Defendant telephoned [counsel] on February 21, 1989 a.m. and ask[ed] for the written agreement of a contract with said attorney concerning fee agreement. Defendant having been told by [counsel] that no contract was signed. Defendant signed no such agreement or contract. Attorney firm is threatening defendant

because fee is pending release of Canadian funds that are still seized in Canada.

> Defendant was misrepresented.
>
> Defendant requests that a continuance be set to allow her time to prepare for the hearing.

Following an apparent undocumented conference on February 22, 1989, Storseth filed a typewritten document captioned Emergency Motion for Enlargement of Time to Provide Competent Counsel for Purposes of Present Hearing on March 2, which included in detailed statement of reasons:

> Defendant Donna Storseth hereby requests an additional 15 days up to and including March 16[,] 1989 to obtain competant [sic] counsel for the purposes of representation of her in these proceedings. The plaintiff will receive no harm by the Court granting this motion, but the defendant, Donna Storseth will suffer irreparable harm and injury due to the Court denying this motion.
>
> Defendant Donna Storseth believes that she is entitled to the relief she seeks and the request for the extension of time is not for purposes of delay and she respectfully requests the Court grant this motion in the interests of justice.

On March 6, 1989, the law firm filed a traverse and, on the same day, obtained a favorable decision letter which was followed by entry of the summary judgment on the next day, March 7, 1989, as quoted in the per curiam opinion.

Entry of the summary judgment against Storseth was followed by her filing for

---

**4.** The only possible comfort that this court can take in the proceeding in this case involving the Fee Arbitration Committee is that the rule has since been completely rewritten and the procedure effectively changed for present application. Absolutely nothing of record indicates that any fair hearing rights were afforded to Storseth or substantive consideration given to her contentions. Dismissal on the basis of lack of "jurisdiction" is unfathomable. Apparently, the committee did not know the difference between the existence of jurisdiction, which clearly existed, and the exercise of jurisdiction and discretion to consider the case on the merits. Essentially, a

member of the committee considered the law firm's presentation and apparently concluded without further documentation from Storseth that no meritorious defense to the fee existed. Consequently, a decision was made after this one-sided review to dismiss for lack of "jurisdiction." If jurisdiction did not exist, perhaps the $25 filing fee should have been refunded. Rule XXIII, Resolution of Fee Disputes, Disciplinary Code for the Wyoming State Bar, renumbered and effective April 19, 1988, and then rewritten is now superceded by an order adopting the Rules for Resolution of Fee Disputes dated May 11, 1989 and effective August 1, 1989.

reconsideration.[5] She also filed a motion to stay the judgment.[6] With the hearing for

5. Storseth stated:

COMES NOW DONNA MAE STORSETH, defendant, by leave of the court pro per and moves this court for a motion for reconsideration or alternatively a motion for relief from the Court[']s order of Summary Judgement pursuant to rule 60–(b) W.R.C.P. which says in pertinent part:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgement, order or proceeding for the following reasons. . . .

3. fraud, whether heretofore denominated intrinsic or extrinsic, misrepresentation or other misconduct of an adverse party.

4. The judgement is void.

6. Any other reason justifying relief from the operation of the judgement.

Defendant believes the judgement was entered in error. Plaintiff wasn't entitled to Summary judgement as a matter of law for the following reasons:

1. Defendant had filed a pleading Mar 2 1989 for an enlargement of time due to the sudden withdrawal of her last attorney before any action was taken in regard to plainfiff[']s motions and forcing her in the last moments to file documents herself since she had been unable to find counsel.

2. Plaintiff used as a reason for said judgement that defendant had not stated to the court the names of any attorney she has retained or contacted and believes she is misrepresenting to the court her attempts to retain counsel, attacking her truthfulness. Defendant was not aware the rule said one had to provide such names. Defendant has contacted the following 3 law firms:

(1) Louis Cutner of Chicago Illinois.

(2) Professional Legal Services of Cushing Okla.

(3) Roger Elletson Cheyenne Wyo.

\* \* \* \* \* \*

[Through ten numbered paragraphs, and then concluding:]

Wherefore, for the above stated reasons, defendant Donna Mae Storseth petitions this court to reconsider motions presently before it and grant relief from the Court[']s Order of Summary Judgement pending final adjudication of this matter. Defendant is seeking justice for her children and herself and is not bringing actions for purposes of delay.

6. This motion read:

COMES NOW Donna Storseth, Defendant, by leave of the Court pro per and moves this Court for a motion to Stay the Judgement pending reconsideration and/or vacation pursuant to rule 60–(b) in pertinent part rule 3, 4, and 6. Plaintiff wasn't entitled to Summary judgement as a matter of law for the following reasons:

1. Defendant filed a pleading on March 2nd, 1989 for an enlargement of time due to the sudden withdrawal of her last attorney before any action was taken in regard to plaintiff[']s motions and forcing her at the last moment to file documants [sic] in total ignorance of court rules and hopelessly prejudicing the outcome thereby. Defendant still has not been able to retain new counsel.

2. Plaintiff used as a reason for said judgement, that defendant is misrepresenting to the court her efforts to retain an attorney. Defendant did not know she was supposed to provide such information. It would appear that plaintiff suspects defendant of the same deceit he practices in his dealings with the court. Defendant has contacted Louis Cutner of Chicago, Illinois who is president of an international civil rights organization. Defendant has also been in communication with Professional Legal Services in Cushing Oklahoma, and negotiations are now in progress with Roger Elletson of Cheyenne Wyoming. It is hoped that this disclosure will demonstrate to the Court the good faith effort of the defendant to obtain Competant [sic] representation in the matter at hand.

3. Defendant has filed a Propria Personam motion and it is her understanding that the term means in her own person and not acting as her own attorney and should not be held to the same standard as a trained experienced lawyer. Defendant was not aware that the term pro se meant differently.

4. The plaintiff lawfirm [sic] has deliberately made misrepresentation to the Court about not having a conflict of interest in this matter. Defendant was informed of this conflict by her last attorney, [Mr. X] who informed her he could not defend her in this matter because three members of Plaintiff[']s firm were defending him in an undisclosed action.

5. Plaintiff has deliberately misrepresented to the Court as to his fee agreement with the defendant. On the strength of Plaintiff[']s inference that he was an "expert" in the field of divorce and that he would pursue the case to a final conclusion, defendant agreed to retain plaintiff.

Before the retainer was paid, the plaintiff told her it would not cost over $3,000.00 and that she would pay the retainer up front and the balance would not be charged until the case was finished and that he would represent her as far as necessary to achieve the realization of moneys she was entitled to. He told her fees would be assessed against any final outcome that she'd receive in the case from the portion based upon the fact that plaintiff could get her an equitable claim to half of what the husband had. Plaintiff did not live up to what he said he'd do, or could do.

Plaintiff later led the defendant to believe that because of a family protection order, the husband would have to pay all fees as well. Plaintiff also led defendant to believe that her

exemptions scheduled for March 17, 1989, Storseth filed another document as a motion to stay execution pending review.[7]

In addition to the traverse which the law firm made based on the fee arbitration action, they also claimed estoppel based on the documentation used by the law firm in the divorce case to support fee payment request as an effort to secure inclusion of all billed fees in the divorce decree. No explanation is given why the law firm did not at least attempt to collect the amount of fees that were ordered to be paid by the husband. It is in this documentation filed with the law firm's resistance to the W.R. C.P. 60(b) motion where the ex parte correspondence between a representative of the Fee Arbitration Committee and the law firm first came into this record. The district court never entered a ruling on the W.R.C.P. 60(b) motion and it was deemed denied pursuant to W.R.C.P. 59, but litiga-

> receipt for retainer was all that was required as a contract, and has no other written agreement. Defendant has learned in hindsight, that a written contract is customary and believes plaintiff did not require one so he could take advantage of defendant[']s ignorance of the law and trust to manipulate terms to suit his own enrichment in his presentments to the court.
> \* \* \* \* \* \*
> 10. Plaintiff has deliberately misrepresented to the Court that defendant has access and control of moneys in Canada. That is totally untrue. Plaintiff can only gain access to said moneys by surrenduring [sic] valid legal rights imposed by various means.
> Wherefore, for the above stated reasons, defendant Donna Mae Storseth petitions this Court to reconsider motions presently before it and grant this stay and/or vacation of order for Summary Judgement pending final ajudication [sic] of the matter.
> Defendant is seeking justice for her children and herself, for protection from incompetant [sic] representation by her attorney and is not bringing action for purposes of delay.

7. That document stated in part:
> COMES NOW DONNA MAE STORSETH, defendant, by leave of the court pro per and moves the court to grant MOTION TO STAY EXECUTION of JUDGEMENT PENDING REVIEW[.]
> In support of this motion the defendant Donna Mae Storseth states as follows:
> 1. That Donna Mae Storseth has filed the following motions.
> (a) Motion to Dismiss
> Filed: December 13, 1988

tion was not yet to end with a hearing remaining on the exemption request scheduled for Friday, March 17, 1989, at 2:00 p.m. Sometime before the scheduled hearing date, Storseth filed another motion for continuance, stating:

> COMES NOW Donna Mae Storseth by leave of the Court pro per and moves this Court for a motion for a continuance in the matter of the hearing of property exemption for payment of debt for the following reason.
>
> Defendant was unexpectedly called out of town on a medical emergency and is unable to get back for the hearing set for March 17, 1989 at 2:00 PM at the Natrona County Courthouse.
>
> Defendant, Donna Mae Storseth, hereby requests a new date for hearing following March 24th 1989[.]

> (b) Motion for Continuance
> Filed: February 21, 1989
> (c) Emergency Motion for Enlargement of Time To Provide Competent Counsel for Purposes of Present Hearing.
> Filed: March 2, 1989
> (d) Motion for Reconsideration or In The Alternative Motion for Relief From The Courts Order of Summary Judgement Pursuant to Rule 60–(b).
> Filed: March 10, 1989
> (e) Motion To Stay The Judgement Pending Reconsideration and/or Motion to Vacate Pursuant To Rule 60–(b).
> Filed: March 10, 1989
> (f) Request For Hearing On Exemptions To Summary Judgement,
> Filed: March 10[,] 1989
> \* \* \* \* \* \*
> 5. [Her] [a]ttorney \* \* \* withdrew from the case in violation of the code of professional responsibility. Failing to avoid foreseeable prejudice to his client by withdrawing before she was able to obtain replacement counsel.
> \* \* \* \* \* \*
> 7. The Wyoming Statute allowing attorneys to lien files, records and documents does not grant authority to withhold said files, records and documents in absents [sic] of final payment. Plaintiff effectively prejudiced her ability to appeal and that of any attorney she might hire. This law is in conflict with the Constitution of the United States and is therefore Unconstitutional and is void.
> \* \* \* \* \* \*
> Wherefore for the above stated reasons Petitioner Donna Storseth hereby moves this Court to grant this Motion To Stay Execution of Judgement Pending Review.

Defendant believes Plaintiff will suffer no harm by the Court granting this motion but defendant will suffer irreparable harm and unjury [sic] due to the Court denying this motion.

Defendant, Donna Mae Storseth believes she's entitled to the relief she seeks and the request for the continuance is not for the purposes of delay and she respectfully requests the court grant this motion in the interests of justice.

Service was made by leaving a copy in the law firm's file box at the courthouse.

The hearing was held without regard for the motion for continuance and its text was brief:

THE COURT: Please be seated. I don't see Mrs. Storseth here.

She has filed a Motion for Continuance.

[Counsel], did you get a copy of that?

[COUNSEL]: Yes, Your Honor.

THE COURT: What is your position on that?

[COUNSEL]: Judge, it is our position that the burden of proof on exemption lays on the person who is claiming the exemption. I don't believe that any of the exemptions allowed under Wyoming law, I don't know that they apply in this case, and have no proof to the contrary.

We would ask the Court deny the motion.

THE COURT: What is your position on the Motion for Continuance?

[COUNSEL]: Judge, we have had one Motion for Continuance that was granted for ten days. No attorney has made his presence known to our office. I would ask that the motion be denied.

THE COURT: Well, considering that earlier Motion for Continuance was granted on condition that the Defendant would be obtaining an attorney, and she has not obtained an attorney at that time, and further that there is no detailed reason set forth in this particular motion as to why a continuance is to be granted, I will deny the Motion for Continuance.

As far as exemptions are concerned, I believe, you are correct, [counsel]. The burden is upon the Defendant to show any exemptions she is entitled to. Since she has not done that, it appears to me she does not have any.

If you will prepare an order to that effect, [counsel], I will sign that.

Immediately thereafter, an order denying claim of exemption was prepared by counsel and signed by the district court judge, which stated:

THE MATTER having come before the Court for hearing on March 17, 1989 at 2:00 p.m. upon Defendant's Claim of Exemption; and the Plaintiff having appeared by and through counsel, [counsel], and the Defendant having appeared not; the Court FINDS as follows:

1. That the Defendant made a claim of exemption pursuant to Wyoming Statute.

2. *That Defendant received proper notice, and the hearing was set within five (5) days.*

3. *That Defendant failed to appear or contact the Court.*

4. That Plaintiff appeared as directed;

5. That Defenda[ ]nt thereby failed to establish her claim for exemptions.[8]

THEREFORE, IT IS HEREBY ORDERED that Defendant's claims of exemption are hereby denied.

[Dated March 20, 1989].

(Emphasis added.)

An execution sale on April 7, 1989 was conducted and the family car plus a refrigerator, television and power converter were sold by the sheriff to apply to the attorney's fees which was supplemented by garnishment of bank accounts containing claimed child support payments—modest in amount.

On March 22, 1989, Storseth filed a notice of appeal pro se, but the pleadings do not then end since the law firm, on April 26, 1989, filed an application for writ of post-judgment garnishment to collect the

8. The hearing on the exemption was not scheduled in five days, it was scheduled in seven days, and Storseth had obviously contacted both counsel and the district court in advance of the hearing to request the continuance which was denied by proceeding in her absence.

claimed remaining balance of $1,268.05 plus post-judgment interest for which another writ of garnishment was issued.

Although specifically concurring in remand for trial, I go further to reject any res judicata validity attributable to the jurisdictional dismissal of Storseth's petition for fee arbitration. The validity of rejection of any execution exemption is also questioned in this record. Remaining issues which can be observed will not be pursued even in special concurrence since they were not briefed. These issues include characterization and effect after execution and sheriff's sale of the car, whether the entered judgment was void or voidable [9] and what now happens to the decree provision for the husband's attorney fee payment of $3,500.

Any divorce case is tragic. Here, for whatever combination of circumstances and personalities, that tragedy has been infinitely expanded. In this case, as in many, it is from heightened parental disaffinity and consequent system failure that the children, unfortunately, become the real victims. Even the family car becomes a pawn in the proceedings.

THOMAS, Justice, specially concurring, with whom CARDINE, Justice, joins.

*"Per curiam"* is defined as:

**9.** It is not at all clear that the dogmatic rule once stated in 3 Freeman on Judgments, § 1289 (5th ed.1925) (footnotes omitted) is presently the law:

> A judgment by default prematurely taken is undoubtedly erroneous and subject to reversal, or to motion to vacate on that ground. There are authorities which speak of the judgment as being void; but they are doubtless inaccurate in expression, since the court has jurisdiction from the time service, whether personal or constructive, is complete, and are probably not intended to assert anything except that the court proceeding prematurely will, if applied to within a reasonable time, set aside the judgment and give the defendant the hearing to which he was entitled.

The scope of complexity of definition is most persuasively illustrated by the difference found from Restatement (First) of Judgments ch. 2, § 8 (1942), "[a] judgment is void if there is a failure to comply with such requirements as are necessary for the exercise of power by the court," and then followed in Restatement (Second) of Judgments by the following discussion:

"By the court. A phrase used to distinguish an opinion of the whole court from an opinion written by any one judge. Sometimes it denotes an opinion written by the chief justice or presiding judge, * * *." *Black's Law Dictionary* 1023 (5th ed. 1979).

The majority opinion in this case is not the opinion of the whole court. It seems that its true function is to introduce the special concurring opinion of the chief justice.

Like Justice Cardine, in whose specially concurring opinion I join, I concur in the result. Because my perception of the opinion of the court is that it is far too broad, I do not join in the *per curiam*. I agree with it to the extent that it reaches a result of reversal because the summary judgment was entered prematurely. It was entered prior to the expiration of the time that Donna Mae Storseth was granted to "file affidavits or other material in opposition to the motion." That ten-day period did not expire until March 8, 1989. I agree with Justice Cardine that the provisions for default found in Rule 55(b)(2), W.R.C.P., have no application, but I note that the appellee endeavors to justify the summary judgment pursuant to Rule 56, W.R.C.P., and, in the absence of compliance with the three-day notice requirement as set forth in Rule 55(b)(2), that effort must fail.

> A void "judgment" is often said to include one rendered by a court lacking jurisdiction of subject matter of the action or lacking jurisdiction with respect to the party against whom it is purported to be rendered. However, the term has also been used to describe a judgment procured by fraud of one kind or another. A "voidable" judgment is often said to include one based on mistake or "intrinsic" fraud [on procured, e.g., by perjured testimony]. But the term is also sometime used to include judgments procured by fraud that prevented a party from having a fair opportunity to contest an action. More fundamentally, the distinction even in its core meaning is untenable under modern decisional law * * *. To characterize a judgment as void before it has been so declared is therefore to make a predictive statement about how the judgment should be treated but does not provide a description of the attributes of the judgment that would justify denying it legal effect. In the interest of clarity, the terms "void" and "voidable" are not employed in the rules in this chapter.

The only material facts then are the granting of the ten-day period to "file affidavits or other material in opposition to the motion," and the entry of the summary judgment within that ten-day period. No issue exists about fee arbitration that justifies the inclusion of any facts relating to that effort by Storseth. Those facts apparently are introduced as a predicate to the concurring opinion of the chief justice. There is no occasion to address the garnishment and, consequently, the inclusion of those facts in the *per curiam* opinion is surplusage. Again, the purpose seems to be to set the stage for the specially concurring opinion.

I continue briefly lest the concurring opinion of the chief justice somehow be perceived as the only advice that is pertinent with respect to those matters that are discussed but are not part of this appeal. The thrust of that specially concurring opinion seems to be that somehow or other the law firm took undue, or improper, advantage of Storseth. I do not think that information has been developed in this file, and it is not fair to the appellee to cast it in that light. Storseth has the opportunity to develop a record about whatever matters might be available to inhibit the collection of this legal fee by the appellee, and there seems to be no occasion in this case to jump to any conclusions about what might, or might not, have been done differently.

I am nonplussed by fascination with what apparently is perceived to be a duty on the part of the appellee to seek recovery of $3,500 of its fee from the husband in the divorce case. In my view, this represents an assumption, which is not correct, that somehow a law firm that is not a party to a case in which it is providing representation can obtain affirmative relief in a decree or judgment entered in the case. The award of attorney fees against the husband was in favor of Storseth. I do not think that it would be possible for the law firm to assert an interest in that part of the judgment entered for Storseth, and I am sure that this court would have dismissed summarily any attempt by the law firm to appeal from the attorney fees awarded to the wife in the divorce case. The effort to collect the amount that was awarded must be the effort of the wife, and it appears that the relationship between the wife and the law firm was ended before that effort could be pursued.

I have no question that, pursuant to § 29-1-102(a)(ii), W.S.1977, the appellee was entitled to a lien upon "money due his client and in the possession of an adverse party," which would include the $3,500 owed by the husband to Mrs. Storseth. That remedy is only ancillary, however, and it does not foreclose the right of the attorney to collect the fee from the client. The suggestion that the appellee should first look to the husband in order to collect its fee is antithetical to the law.

It may be that the law firm was unnecessarily cautious in accommodating to § 29-1-301, W.S.1977. On the other hand, that statute does provide, in pertinent part:

"(a) **In order to have a perfected lien pursuant to this title,** lien claimant shall file with the county clerk a lien statement sworn to before a notary public. The county clerk shall file the statement and index by date, name of claimant and property owner, and legal description." § 29-1-301(a), W.S.1977. (Emphasis added.)

Certainly, the lien of an attorney provided in § 29-1-102, W.S.1977, is a lien pursuant to Title 29, Liens. I can understand why an attorney might choose to perfect it according to § 29-1-301, W.S.1977. By way of contrast, § 29-2-107, W.S.1977, refers to "filing a lien pursuant to this chapter," and the chapter is limited to liens of contractors and materialmen. There would be no need for one pursuing an attorney's lien to follow the provisions of that chapter.

In sum, the dissertation of facts about the effort to seek fee arbitration is not warranted in this instance. The court has no justification, collectively or individually, to criticize the lawyers in its opinions. If there has been some impropriety or overreaching on the part of the law firm, that information should be developed in an appropriate proceeding and not fashioned in some way by the inferences of this court or

any member thereof. There is no duty on the part of the firm to attempt to realize the $3,500 from the husband before it seeks collection from its client. The reversal of the summary judgment and the remand of the case for the procedural impropriety is all that should be addressed.

CARDINE, Justice, specially concurring, with whom THOMAS, Justice, joins.

I concur in the result and note that judgment entered in this case is not a default judgment but rather summary judgment. As such, provisions for default found in W.R.C.P. 55(b)(2) have no application. I note also that a fair reading of this record might easily lead one to conclude that this pro se appellant was playing fast and loose with the trial court. An individual who elects self representation by pro se appearance is held to the same standard as an attorney. *Annis v. Beebe & Runyan Furniture Co.*, 685 P.2d 678, 680 (Wyo.1984). Nevertheless, with reversal and remand, appellant has a second chance in this case should she choose to appear and present her claim and defense at the regularly scheduled hearing.